**Roosevelt McPHAUL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 81–492.**

District of Columbia Court of Appeals.

Argued July 12, 1982.
Decided Oct. 29, 1982.

---

A. Franklin Burgess, Jr., Public Defender Service, with whom William J. Mertens, Public Defender Service, was on the briefs, for appellant. Silas J. Wasserstrom, Public Defender Service, Washington, D.C., also entered an appearance for appellant.

Anita J. Stephens, Asst. U.S. Atty., with whom Stanley S. Harris, U.S. Atty., and John A. Terry, Asst. U.S. Atty., at the time the case was argued, and Constance L. Belfiore, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and PRYOR, Associate Judges.

PRYOR, Associate Judge:

Appellant was convicted by a jury of assault with a dangerous weapon, D.C.Code 1981, § 22–502, and later sentenced to a term of imprisonment for not less than two nor more than six years. He urges that his conviction be reversed because the trial

judge erroneously declined to give a requested instruction regarding nondeadly force on the question of self-defense. He also argues that, even if the conviction is allowed to stand, the case should be remanded for resentencing since the presiding judge relied upon and articulated inappropriate factors in imposing sentence. We conclude that the judgment of conviction should be affirmed but that appellant should be resentenced.

## I

On an August evening in 1979, appellant and Marion Dorsey were playing craps outside the apartment complex where they both lived when an argument erupted between the two of them over the money from the game. After several blows were exchanged, appellant returned to his apartment and retrieved an iron pipe. Witnesses testified that the pipe was similar to pipes that workmen had left at the apartment complex a few weeks earlier. One witness recalled seeing appellant's mother take one of these pipes and another had seen a pipe in the apartment where appellant lived with his mother.

Appellant returned to the scene of the affray carrying the pipe and within moments the argument was rekindled. Appellant swung the pipe at Dorsey and struck him on the back of the head. The fight ended when Dorsey staggered into his apartment. One of the several witnesses to the incident became concerned with Dorsey's condition and telephoned him at his apartment shortly after the fight. Dorsey stated that he had just stopped the bleeding from the wound on the back of his head but that he suffered from a severe headache. In October 1979, Dorsey went into a coma and died without regaining consciousness in December 1979. The medical examiner was unable to trace Dorsey's death to the wound he received during the August assault.

Appellant admitted that he hit Dorsey but claimed that he used a stick rather than a pipe and that he hit Dorsey on the arms and shoulders, but not on the back of the head. He argued that he struck Dorsey in self-defense after it appeared that Dorsey was about to draw a weapon on him.

Prior to closing argument, appellant's trial counsel requested the court to include in its charge to the jury an instruction which would explain the permissible use of nondeadly force to defend oneself. The court declined to do so, but instead instructed the jury on self-defense generally, with specific reference to the permissible use of deadly force. Appellant acknowledges that the instructions given were accurate statements of the law, but urges that they were incomplete and thereby eroded his defense.

## II

Appellant correctly perceives that where an accused, claiming self-defense, uses deadly force, he must—at the time of the incident—actually believe and reasonably believe that he is in imminent peril of death or serious bodily harm; whereas one utilizing nondeadly force must show that he reasonably believed that harm was imminent. *See United States v. Peterson,* 157 U.S.App.D.C. 219, 483 F.2d 1222, *cert. denied,* 414 U.S. 1007, 94 S.Ct. 367, 38 L.Ed.2d 244 (1973). This difference is reflected in our standardized jury instructions.[1]

Although the only evidence bearing on the use of nondeadly force came from appellant himself, we conclude it was

---

1. Criminal Jury Instructions for the District of Columbia, No. 5.14 (3d ed. 1978), provides:

A. *Nondeadly Force*
A person may use a reasonable amount of force in self-defense. A person may use an amount of force which, at the time of the incident, he reasonably believed was necessary to protect himself from imminent bodily harm.

B. *Deadly Force*
A person may use a reasonable amount of force in self-defense, including, in some circumstances, deadly force. "Deadly force" is force which is likely to cause death or serious bodily harm. A person may use deadly force in self-defense if he actually believes at the time of the incident that he is in imminent danger of death or serious bodily harm from which he can save himself only by using deadly force against his assailant, and if his belief is reasonable.

error to deny him the requested instruction. *See Belton v. United States,* 127 U.S.App. D.C. 201, 382 F.2d 150 (1967). In deciding whether reversal is required, we must determine, viewing the instructions and evidence as a whole, whether it can be said "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Alexander v. United States,* 135 U.S.App.D.C. 367, 371, 418 F.2d 1203, 1207 (1969), quoting *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946).

■ We conclude that reversal is not required. This is not a circumstance where the court refused to present the jury with any instructions concerning the accused's theory of the case. The court's charge adequately focused the jury's attention on the self-defense issue. It did not leave the jury with the erroneous impression that self-defense is permitted only when the accused is threatened with death or serious bodily injury. Rather the instructions emphasized the general concept of the self-defense doctrine.[2]

■ In a circumstance where at least two witnesses observed the blows being struck with a pipe and two others noticed the serious injury sustained, the government's evidence was strongly persuasive that indeed appellant did use deadly force in the course of the fight. We conclude that the error in instruction did not affect the outcome of the case and was therefore harmless.

## III

■ Turning to the sentencing hearing in this case, it is unquestioned that a trial court has broad discretion in the matter of sentencing, *see Butler v. United States,* D.C.App., 379 A.2d 948, 950 (1977); this court may not reduce a sentence that is within the limits set by statute. *Jones v. United States,* D.C.App., 401 A.2d 473, 476 (1979). Thus, we have accorded wide latitude to the trial court in conducting a sentencing hearing. *See Warren v. United States,* D.C.App., 310 A.2d 228 (1973).

In this instance, the parties stipulated that "Marion Dorsey [the complaining witness] fell into a coma in October 1979, and died without regaining consciousness in December 1979. The medical examiner has determined that his death cannot be traced to the alleged assault in August." Notwithstanding this, the presiding judge, in imposing sentence, stated " . . . as a result of that assault . . . , a man died within a year."

■ While the court could properly consider the evidence bearing on the severity of the assault in imposing sentence, the implication that appellant was being sentenced for a homicide was inappropriate and could well raise constitutional questions. Without addressing these, we choose to remand the case, pursuant to our general supervisory authority, *see In re D.M.R.,* D.C.App., 373 A.2d 235 (1977), for resentencing before another judge.

2.   The defense has interposed a defense of self-defense. Every person has the right to use a reasonable amount of force in self-defense if: one, he actually believes he is in imminent danger of bodily harm; and, two, if he has reasonable grounds for that belief.
      The question is not whether you believe in retrospect that the use of force was necessary, the question is whether the defendant, under the circumstances as they appeared to him at the time of the incident, actually believed he was in imminent danger of bodily harm and could reasonably hold that belief.
      The defendant is not required to prove that he acted in self-defense. Where evidence of self-defense is present, the Government must prove beyond a reasonable doubt that the defendant did not act in self-defense. If you find that the Government has failed to prove beyond a reasonable doubt that the defendant did not act in self-defense, you must find the defendant not guilty.
      A person may use a reasonable amount of force in self-defense, including in some circumstances deadly force. Deadly force is force which is likely to cause death or serious bodily harm. A person may use deadly force in self-defense if he actually believes at the time of the incident that he is in imminent danger of death or serious bodily harm, for which he can save himself only by using deadly force against his assailant, and if his belief is reasonable.

*Judgment affirmed; remanded for resentencing.*