**John D. MATTHEWS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 81–1242.

District of Columbia Court of Appeals.

Argued Oct. 6, 1982.

Decided April 12, 1983.

Cathy Surace, Washington, D.C., appointed by this court, for appellant.

John R. Fisher, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., John A. Terry, Asst. U.S. Atty., at the time the brief was filed, and Richard C. Bicki, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge and KERN and BELSON, Associate Judges.

KERN, Associate Judge:

Appellant was tried by a jury and convicted of second-degree burglary and grand larceny. The prosecution evidence consisted of testimony (1) by an eyewitness to the crime who observed appellant break and enter a camera store; (2) by the arresting officer who observed appellant a block and a half from the scene attempt to dispose of camera equipment; and (3) by the store owner who identified the items in appellant's possession as the store's property and who denied giving appellant permission to take them.

Appellant urges on appeal that his conviction be reversed and a new trial granted on one ground only; because the trial court proceeded to trial without any inquiry of appellant or his trial counsel concerning a letter from appellant to the judge received in his chambers slightly more than two weeks before trial. In this handwritten letter appellant requested "new counseling" because his attorney "is puting up or getting no defence together" [sic], "has not represented me a little bit from the beginning," and is "unworkable." The trial court treated appellant's letter as a *pro se* motion for appointment of new counsel and denied such motion in a written order because the trial was scheduled to commence in less than three weeks and appellant had failed "to advance specific grounds in support of his motion." [1]

Appellant cites to *Monroe v. United States,* 389 A.2d 811 (D.C.), *cert. denied,* 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978), to support his contention that reversal must be granted. *Monroe* requires a trial court "[w]hen a defendant makes a pretrial challenge to the effectiveness of counsel . . . to conduct an inquiry sufficient to determine the truth and scope of the defendant's allegations." *Id.* at 820.[2] Appellant argues that since the trial court failed to comply with the dictates of *Monroe* he is necessarily entitled to a reversal of his judgment of conviction and a new trial on the charged offense, which occurred some 29 months ago.

The government responds "that the interests of justice are not served by automatically reversing appellant's conviction simply because of the trial court's failure to conduct the appropriate inquiry. . . . To assume, simply because of a lack of information, that appellant was deprived of his right to the effective assistance of counsel, would be to exalt form over substance." (Brief at 6.) The government urges "that this case be remanded to the trial court for a full hearing on appellant's claim of ineffective assistance of counsel." (Brief at 8.)

In determining whether a retrial is required because our mandate in *Monroe* was not followed, we turn to the rationale for the *Monroe* procedure which we adopted as a means of protecting a defendant's Sixth Amendment rights. In *Monroe,* we concluded that the trial judge *must* conduct a pretrial inquiry whenever a defendant articulated before trial "any substantial basis for dissatisfaction" with his attorney, so as to enable the court "to take steps to eliminate any deficiencies in the representation of counsel *before* the resources of the judicial system have been invested in a full-blown trial." 389 A.2d at 818 (emphasis added). We also concluded in *Monroe* that the trial court's inquiry before trial into defendant's pretrial claim of inadequate preparation by his counsel also "may serve to minimize or expedite the disposition of . . . [post-trial] ineffective assistance claims." 389 A.2d at 819.

---

1. On the morning the trial commenced appellant inquired of the trial judge in open court as to a "possible way that the court could feel that [he] . . . could have new counsel, maybe my family hiring a lawyer." The trial court, pointing out that he was ready "to send for a jury to start this trial right now," refused to delay the case to permit new counsel to enter into the proceedings.

2. In *Monroe* this court was careful to disclaim any suggestion that it was holding "that new counsel must be provided any time a defendant makes such a request, or that trial judges are obliged to tolerate dilatory . . . tactics on the part of defendants . . . to delay the trial process." *Id.*

Obviously, in the instant case, appellant's trial has been had and we are giving post-trial consideration to a claim of ineffective assistance of counsel raised by him before trial. Therefore, the advantages we deemed in *Monroe* of having a pretrial inquiry, *viz.,* to save a trial that might be a nullity if counsel were inadequately prepared and to lessen the chance of a post-trial attack on the verdict because of the alleged ineffectiveness of that counsel, have been lost.[3] Thus, we are left to determine now whether the trial court's omission may be remedied and at the same time appellant's right to effective representation at trial by his attorney assured *without* the need to repeat the entire trial process. To resolve this issue, we must review what the trial court's *Monroe* inquiry was designed to obtain and how it was to be conducted.

We concluded in *Monroe* that "issues such as the lawyer's pretrial preparation are susceptible to reasonably objective determinations. The trial court is *not* required to evaluate the strategic options open to an attorney ... or to otherwise engage in speculative judgments. It is required only to ascertain the concrete steps taken by counsel in preparation of the case and to evaluate their sufficiency under the circumstances." *Id.* at 819 (emphasis added).

In *Monroe,* we further required that defense counsel, when his pretrial preparation was challenged, must demonstrate to the court preparation for trial " 'within the range of competence demanded of attorneys in criminal cases.' " *Id.,* at 819, quoting from *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). In *Monroe* we identified the criteria for determining that a defense counsel's preparation was within the normal range of competence required in preparing criminal cases: (1) whether counsel conferred with the defendant as often as necessary and advised him of his rights, (2) whether counsel elicited from the defendant matters of defense and then ascertained if any potential defenses were unavailable, and (3) whether counsel conducted both factual and legal investigation sufficiently in advance to permit reflection and to determine if matters of defense could be developed. *Id.* at 821.[4]

Since the point of the inquiry mandated by *Monroe* is to determine at the time of the defendant's complaint "the truth and scope" of his allegations while the matter of counsel's pretrial preparation is fresh in the minds of all concerned, there is a strong argument for outright reversal where the court failed to make inquiry prior to trial. On the other hand, were we to lay down a *per se* rule that every time—without exception—a trial court fails to conduct a *Monroe* pretrial hearing when a defendant complains prior to trial about his attorney there must be a reversal, we risk reversing a judgment of conviction in a case tried after thorough pretrial preparation and constitutionally effective representation by counsel solely because of an inadvertent omission by the trial court. We decline to lay down a hard and fast rule that a failure to hold a hearing pretrial on the defense attorney's preparation for trial amounts to reversible error in every case.

We do not read our holding in *Farrell v. United States,* 391 A.2d 755 (D.C.1978), to require a reversal of the conviction in the instant case rather than a remand. There, the court granted the defendant's request to represent himself after the court had refused to appoint a new attorney to rep-

---

**3.** Had the trial court been alert to our mandate in *Monroe* and its applicability to the facts of the instant case, the issue of ineffective assistance of counsel raised pretrial could have been disposed of in a matter of minutes and spared both the trial court and this court countless hours.

**4.** Also, our conclusion in *Monroe* was that the focus of the trial court's inquiry when confronted with a defendant's claim before trial that his attorney was not prepared to render effective representation was to be solely "on the situation existing at the time of the inquiry." *Id.* Thus, in the instant case, the strength of the government's evidence is irrelevant to the focus of the trial court's inquiry into the defense counsel's preparation—unless the trial proceedings were to reflect inadequate preparation for trial by the defense attorney.

resent defendant. The trial court advised the defendant that "it was too late to appoint a new lawyer to be prepared to represent you in this case." While the trial court did make some inquiry of the defense attorney, the court went on ultimately to allow defendant to proceed *pro se* after concluding that he validly waived his right to counsel. Under the circumstances there a remand for a hearing, which is the remedy we order in this case, would have been wholly inappropriate and the government did not even so request.

We turn now to the issue of the burden of persuasion upon remand here for inquiry into whether defense counsel had adequately prepared for trial. The government concedes that it should bear such burden and we agree. We place the burden of persuasion upon the government because we deem it most appropriate that the prosecution, which may have achieved its conviction at trial by reason of inadequate defense representation, assure the trial court by clear and convincing evidence that at the time appellant went to trial his attorney's representation was effective.

We emphasize our concern by requiring that there be a showing on the record by clear and convincing evidence that appellant was accorded representation at his trial by an attorney who was prepared within the normal range of reasonable competence demanded of attorneys in criminal cases. We adopt the clear and convincing standard of proof only for the particular situation here: where it is demonstrated after trial that the trial court failed to hold any hearing at all prior to trial upon appellant's pretrial assertion that his attorney had not prepared for his trial. In our view, the "standard [by clear and convincing evidence] serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision." *Addington v. Texas,* 441 U.S. 418, 423, 99 S.Ct. 1804, 1808, 60 L.Ed.2d 323 (1979) (civil commitment of mentally ill person requires proof greater than the preponderance-of-the-evidence standard). Here, as in the area of a mental health commitment, the issue of an attorney's preparation for trial raised by his client before the trial, and *not* addressed *then* by the court, requires, when it is finally addressed by the court, a standard of proof by more than near-equipose. *See District of Columbia v. Hudson,* 404 A.2d 175, 179 (D.C. 1979) (en banc).

We will retain the case but remand the record for further proceedings as outlined above. We adjure the trial court, upon remand, in the words of *Monroe,* to "put to defense counsel (and to the defendant, if necessary) ... specific questions designed to elicit whether or not the above-stated criteria of professional competence have been met. It then must make the requisite and appropriate findings of fact ... sufficient to permit meaningful appellate review on the issue of the ability and preparedness of counsel to render effective assistance under the prevailing circumstances." 389 A.2d at 821.

We will expect of the trial court precise questioning and careful findings on the record. Should the trial court, after hearing, not be satisfied by clear and convincing evidence that appellant's counsel was adequately prepared for trial within the meaning of the test laid down in *Monroe,* we will remand the case then so that it may vacate the judgment to permit new proceedings. Should the trial court, after hearing, be satisfied by clear and convincing evidence that appellant's counsel was adequately prepared for trial, we expect, as we have indicated above, detailed findings so that our review of the record may be effected comprehensively.

For the benefit of both bench and bar, we again emphasize the *Monroe* mandate:

Whenever a defendant prior to trial alleges that his attorney is unable to represent him effectively at trial because of lack of preparation or insufficient communication or otherwise the trial judge must make inquiry on the record before the trial commences and further make findings as to the attorney's preparation and "the truth and scope of the defendant's allegations." [*Monroe v. United States, supra,* 389 at 821.]

Accordingly, it is ORDERED that the record be remanded for further proceedings consistent with this opinion.

NEWMAN, Chief Judge, dissenting:

In *Monroe v. United States,* 389 A.2d 811, 822 (D.C.), *cert. denied,* 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978), we stated that when a trial judge fails to make a meaningful inquiry into a defendant's claim of ineffective assistance of counsel, this normally constitutes reversible error.

The reason we insisted on a meaningful inquiry was to protect the defendant's Sixth Amendment right to effective assistance of counsel and thus his right to a fair trial. *Id.* at 816, 820–22. The majority has implied that the rationale of the *Monroe* holding was to conserve the resources of the judicial system and to expedite the disposition of ineffective assistance claims. But, in fact, these issues were discussed in *Monroe* only in our explanation of why we decided to apply the standard of review promulgated in *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), when reviewing pretrial claims of ineffective assistance instead of the minimal competence type standards of review found in Strazzella, *Ineffective Assistance of Counsel Claims: New Uses, New Problems,* 19 Ariz.L.Rev. 443, 446–47 (1977), and *Angarano v. United States,* 312 A.2d 295, 299 (D.C.1973), *reh'g en banc denied,* 329 A.2d 453 (D.C.1974), which are used in reviewing post-trial claims of ineffective assistance.

Since the principal concern in *Monroe* was the Sixth Amendment rights of the defendant, the important question in the instant case is whether these rights can be protected if the case is remanded for an evidentiary hearing with respect to defendant's ineffective assistance claim, as the government and majority wish to do, instead of reversed as *Monroe* would seem to require. I do not believe they can be.

The majority has already ascertained one major problem with an evidentiary hearing. The case is no longer fresh in the minds of those who were involved and not even the defense counsel and the defendant are likely to remember the details of the extent of the defense counsel's pretrial preparation. What is likely to happen is that the evidentiary hearing will be reduced to a credibility contest between the defendant and his trial attorney. Therein lies another major problem. At the hearing the defendant and his trial attorney will probably be adversaries. The attorney will have incentive to exaggerate his pretrial preparation in order to protect his professional reputation. At this post-trial hearing the incentive to exaggerate will be greater than at a pretrial hearing because the stakes are larger. At the pretrial stage, if the attorney's efforts were found to be inadequate, he could simply withdraw from the case with little fanfare or embarrassment. But at the post-trial stage, the attorney knows that if his performance is found to constitute ineffective assistance of counsel and the case is therefore reversed, the embarrassment and loss of prestige ensuing will be great.

I fear that the course of action taken by the majority will effectively emasculate *Monroe* by creating a disincentive to the proper conducting of the *pretrial* hearing mandated by that holding.