**Derrick J. BASS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 89–466.**

District of Columbia Court of Appeals.

Argued Feb. 22, 1990.
Decided Oct. 5, 1990.

Calvin Steinmetz, Washington, D.C., appointed by this court, for appellant.

Mary B. Murphy, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas J. Tourish, Jr., and Charles W. Cobb, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before TERRY and STEADMAN, Associate Judges, and PRYOR, Senior Judge.

TERRY, Associate Judge:

After a jury trial, appellant was convicted of first-degree murder while armed[1] and carrying a pistol without a license.[2] His only contention on appeal is that the trial court erred in failing to conduct a hearing and make factual findings, as required by *Monroe v. United States*, 389 A.2d 811 (D.C.), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978), and *Farrell v. United States*, 391 A.2d 755 (D.C.1978), on his pre-trial request for new counsel. We agree that the trial court committed error and remand appellant's case for further proceedings.[3]

## I

On November 11, 1988, three months before appellant's trial began, his mother, Brenda L. Bass, wrote a letter to the trial judge stating that she and her son had lost confidence in his court-appointed counsel. The seven-paragraph letter, which Mrs. Bass said she had typed on the instructions of her son, gave several reasons for requesting that a new attorney be appointed for appellant. Specifically, the letter alleged (1) that counsel was "not accessible to [appellant] at the jail"; (2) that counsel had not "communicated on a regular basis" with appellant about his defense strategy; (3) that counsel was frequently late for court appearances; (4) that counsel had "taken the liberty of waiving" appellant's right to be present in court, despite appellant's express desire "to be in Court for any action concerning his case"; (5) that counsel had insufficiently responded to appellant's several requests to "pursue a third-party bond"; and (6) that counsel's "investigation and questioning of witnesses concerning this case leaves a lot to be concerned about." Mrs. Bass ended her letter with the assurance that she and her son had "no personal hard feelings" against counsel, but felt that he was "not

the enthusiastic and supportive [lawyer] that we had hoped for...."

The trial judge responded with the following letter to Mrs. Bass, dated November 16, 1988:

By copy of this letter I am forwarding copies of your November 11, 1988 letter to me about your son's case to ... your son's court-appointed attorney, and to government counsel, Mr. Charles Cobb, for such action as either of them may wish to take.

You are, of course, free at any time to hire an attorney of your own to represent your son. I note that this case has been pending since June. There frequently is only so much an attorney can do in any given case. Repeated visits to the jail may not help in the least. I note, for example, that Judge Morrison already denied a bond review motion in August.

No further action was taken on appellant's request for new counsel. The same appointed attorney eventually represented him at his four-day trial.[4]

## II

In *Monroe v. United States*, *supra*, this court held:

When a defendant makes a pre-trial challenge to the effectiveness of counsel—whether court-appointed or retained—and requests the appointment of new counsel on the ground that counsel, due to lack of investigation, preparation, or other substantial reason, is not rendering reasonably effective assistance, the trial court has a constitutional duty to conduct an inquiry sufficient to determine the truth and scope of the defendant's allegations.

389 A.2d at 820 (citations omitted); *accord, Farrell v. United States*, *supra*, 391 A.2d at 760–762. The requirement of an "in-

---

1. D.C.Code §§ 22–2401, 22–3202 (1989).

2. D.C.Code § 22–3204 (1989).

3. A co-defendant, Rodney Dane, was jointly indicted and tried with appellant. The jury found him guilty of second-degree murder and carry-

ing a pistol without a license. He has noted a separate appeal, No. 89–467, which is currently pending before this court.

4. Appellant has new counsel on appeal, appointed by this court.

quiry" in such circumstances, which has come to be called a *"Monroe–Farrell* hearing," has been reaffirmed by this court on numerous occasions. *E.g., Robinson v. United States*, 565 A.2d 964, 968 (D.C. 1989); *Matthews v. United States*, 459 A.2d 1063, 1064 (D.C.1983); *cf. Pierce v. United States*, 402 A.2d 1237, 1244 (D.C. 1979) (hearing required when defendant requests appointment of co-counsel).

▋ In the case at bar, the letter that Mrs. Bass sent to the trial judge included a charge that appellant's attorney was not investigating his case properly. This type of complaint was among those specifically listed in the *Monroe* opinion as requiring a hearing. 389 A.2d at 820. We therefore hold that Mrs. Bass' letter was sufficient to trigger a *Monroe–Farrell* hearing,[5] and that the trial judge erred in failing to conduct the kind of pre-trial inquiry mandated by the line of cases beginning with *Monroe.*

▋ The only real issue in this case is what the remedy should be for that error. Appellant, citing *Farrell*, argues that his convictions should be reversed and that he should be given a new trial. The government, citing our more recent decision in *Matthews*, maintains that appellant is entitled only to a remand for a hearing, at which the government would bear the burden of showing by "clear and convincing evidence that at the time appellant went to trial his attorney's representation was effective." *Matthews, supra*, 459 A.2d at 1066. In this case we choose the path suggested by the government and order a *Matthews*-type remand.

*Matthews* teaches that either a remand or a reversal may be the appropriate remedy, depending on the circumstances of each case, when a convicted defendant raises a successful *Monroe–Farrell* claim on appeal. *Id.* at 1065–1066. Although we readily agree with appellant that the trial

court had a duty to investigate his complaint about his attorney at the time it received Mrs. Bass' letter, *Farrell, supra,* 391 A.2d at 761, we also agree with the government that it would be unreasonable to ignore any relevant preparation that counsel might have conducted in the three months between the date of Mrs. Bass' letter and the beginning of the trial. On remand, the trial court may take into account the activities of defense counsel between November (when the letter was sent) and February (when the trial took place) in determining whether the government has shown by clear and convincing evidence that counsel's preparation for trial, viewed in its entirety, was effective. *See Robinson v. United States, supra,* 565 A.2d at 968.

▋ The *Monroe* court decided that it would be "unwise and unnecessary" to dictate a list of questions for the trial court to ask defense counsel, and the defendant if necessary, to evaluate a *Monroe–Farrell* claim. *Monroe, supra,* 389 A.2d at 821. The *Matthews* court ruled likewise when ordering a remand. *Matthews, supra,* 459 A.2d at 1066. We agree with this approach and leave the specific line of questioning to be determined by the trial court, making only the general observation that a *Monroe–Farrell* inquiry should elicit whether counsel "conducted appropriate investigation, both factual and legal, and ... allowed enough time for reflection and preparation for trial." *Robinson v. United States, supra,* 565 A.2d at 968. Like any other defendant, appellant has a constitutional right to the effective assistance of counsel "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970), quoted in *Monroe, supra,* as "the proper criterion by which pretrial claims of ineffective assistance of counsel are to be mea-

---

5. No one has contested Mrs. Bass' statement in her letter that she was writing it on the instructions of her son. We therefore accept that statement as true, and do not decide whether such a letter would require a *Monroe–Farrell* hearing if someone other than the defendant or defense counsel had written it without receiving such

instructions. *But see Lewis v. United States,* 430 A.2d 528, 529 (D.C.1981) ("Some inadequacy must be alleged, either by the defendant or by defendant's attorney himself, before the court is obliged to question the attorney's effectiveness" (citation omitted)).

sured." 389 A.2d at 819 (footnote omitted); *accord, Matthews, supra,* 459 A.2d at 1065; *Pierce, supra,* 402 A.2d at 1243–1244; *Farrell, supra,* 391 A.2d at 760. This is the standard which the trial court, on remand, must apply in assessing counsel's preparation for trial and determining whether the government has met its burden of persuasion. *Matthews, supra,* 459 A.2d at 1065–1066.[6]

We close this opinion with a reminder to trial judges that they must act *before trial* to ensure that defendants are given prompt and sufficient consideration of their *Monroe–Farrell* complaints about their attorneys. If in a given case the judge hesitates or fails to act, then the attorneys—both prosecutor and defense counsel—should press the matter as persuasively as they can, urging that the claims be ventilated fully on the record, as *Monroe* and *Farrell* require. In this way the defendants' rights can be protected, and countless hours of the courts' and the parties' valuable time can be saved.

### III

We remand this case for a hearing in which the trial court shall determine the effectiveness of trial counsel in accordance with *Matthews v. United States, supra.* If the hearing does not satisfy the trial court by clear and convincing evidence that appellant was effectively represented before trial, it shall vacate the judgment of conviction and order a new trial. If the court concludes, however, that counsel's pre-trial performance met the *McMann v. Richardson* standard, it shall make findings of fact on the record sufficient to allow meaningful appellate review, if appellant elects to seek such review.

*Remanded for further proceedings.*

---

**6.** The government argues that counsel's performance at trial may be considered on appeal in assessing whether the trial court's *Monroe–Farrell* error was harmless. This argument is without merit. The trial strategy and tactics of counsel are relevant in the *Monroe–Farrell* context only on a remand, and only to the issue of whether "appellant was accorded representation at his trial by an attorney who *was prepared within the normal range of reasonable competence demanded of attorneys in criminal cases.*" *Matthews, supra,* 459 A.2d at 1066 (emphasis added).