Vincent JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

No. 87–367.

District of Columbia Court of Appeals.

Argued Oct. 25, 1990.
Decided Jan. 17, 1991.

Barbara E. Sosnick, for appellant.

Sherri L. Evans, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Thomas J. Motley, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and BELSON and SCHWELB, Associate Judges.

ROGERS, Chief Judge:

Appellant Vincent Johnson appeals from his convictions [1] on the principal grounds that the trial court erred in responding to appellant's allegations of ineffective assistance of counsel by denying his pro se motion for a new trial without a hearing and by failing to conduct the necessary inquiry regarding counsel at the sentencing hearing.[2] We agree and accordingly remand for a hearing on the motion for new trial, and, in the event that motion is denied, for a hearing on the adequacy of sentencing counsel or, alternatively, for re-sentencing.

I

The government's evidence at trial showed that appellant and an accomplice approached three teenagers on the street. Appellant, who was holding a small gun, said, "[t]his is a stickup." After ordering the teenagers to some nearby steps, appellant demanded their money, saying "Don't move, if you move, I'm going to shoot you." Appellant then told his accomplice to search two of the teenagers, which he did, finding eight dollars. The accomplice told appellant that "it ain't worth no eight dollars" and ran off. Appellant also left, telling the victims to "stay there. I should blow your head off." The teenagers testified for the government, as did the accomplice.

Appellant, who was represented at trial by retained counsel, Eric Sayles, presented an alibi and misidentification defense, calling a total of six alibi witnesses. The jury returned a verdict of guilty on all counts.

Appellant filed a pro se motion for a new trial, alleging ineffective assistance of his trial counsel. The trial judge appointed new counsel, Davis Couch, to represent appellant at sentencing. Mr. Couch, upon speaking to appellant, returned to court with appellant to advise the judge that appellant was of the view that their relationship was "doomed from the start." The trial judge thereupon admonished appellant that "if you don't like Mr. Couch, you go out and get your own lawyer, do you understand that?" The judge denied the motion for a new trial without a hearing and proceeded to sentence appellant to a total of thirteen years to life imprisonment.

---

1. Appellant was convicted of one count of armed robbery, D.C.Code §§ 22–2901, 22–3201 (1981), and two counts of assault with intent to rob, id. § 22–501.

2. Appellant's other contentions are meritless. First, the evidence, viewed in the light most favorable to the government, Beatty v. United States, 544 A.2d 699, 701 (D.C.1988), was sufficient to support the convictions. Second, the trial judge committed no error in denying the motion to suppress identification testimony. The photo identification was not unduly sugges-tive, Henderson v. United States, 527 A.2d 1262, 1267 (D.C.1987), because no evidence at trial indicated that the witnesses saw the initials on the backs of the photographs. Third, the finger-print exhibit was properly admitted because the government's expert authenticated the exhibit by testifying that the fingerprints were appellant's. Finally, the trial judge's alleged "persist-ent criticism" of defense counsel did not deny appellant a fair trial. See Hollingsworth v. United States, 531 A.2d 973, 983 (D.C.1987).

## II

■ Appellant's pro se motion for a new trial asserted sixteen reasons why trial counsel's performance was deficient. The trial judge denied the motion both as untimely and on the merits. The motion, properly treated as filed pursuant to Super. Ct.Crim.R. 33,[3] was, as the government agrees, timely filed. Rule 33 requires that a motion alleging ineffective assistance be made "within 7 days after verdict." [4] The trial judge found that appellant had filed the motion eight days after verdict, and that the motion was therefore untimely. However, Rule 45 provides that "[w]hen a period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Super.Ct. Crim.R. 45(a). Applying Rule 45, appellant's motion was timely filed.

■ The trial judge also erred by denying the motion without a hearing. Although appellant's motion was filed pursuant to Rule 33, it alleged ineffective assistance of counsel, and should therefore have been evaluated as if it were a motion under D.C.Code § 23–110. *See Glass v. United States*, 395 A.2d 796, 809 n. 28 (D.C.1978); *see also* 3 C. WRIGHT, FEDERAL PRACTICE & PROCEDURE § 552 at 244 (2d ed. 1982) (substantial overlap between Rule 33 and 28 U.S.C. § 2255). The court has previously held that "[t]here is a presumption that a trial court presented with a section 23–110 motion should conduct a hearing." *Gaston v. United States*, 535 A.2d 893, 895 (D.C. 1987). This is especially true with claims of ineffective assistance which will normally involve matters outside the record. *Gibson v. United States*, 388 A.2d 1214, 1216 (D.C.1978). Only if "the allegations of the motion itself are vague and conclusory, are wholly incredible, or even if true, would merit no relief" is it appropriate to deny a motion without a hearing. *Shepard v. United States*, 533 A.2d 1278, 1283 (D.C. 1987).

■ Although most of appellant's claims of ineffective assistance are vague, conclusory, or otherwise would not merit relief, at least one claim required further inquiry. Appellant alleged that "Counsel [Sayles] first told the defendant that for $1,500 he would work out a plea agreement with the government for him. Counsel never once reapproach [sic] the defendant with any type of plea agreement nor did counsel ever again mention a plea." This allegation, which is not inherently incredible, in view of an earlier plea offer by the government, raised a colorable claim of ineffective assistance.[5] Furthermore, the trial judge's comments about defense counsel's performance at trial lend some support to appellant's expressions of concern about his attorney's performance.[6] Ac-

---

**3.** Appellant argues that the motion, which mentioned "Rule 23–110" in the text, should have been treated as a motion filed pursuant to D.C. Code § 23–110, which has no time limit. Section 23–110, however, only authorizes a motion "to vacate, set aside, or correct [a] sentence." D.C.Code § 23–110(a). Since appellant's motion was filed before sentencing, it could not have been a motion "to vacate sentence." The trial judge therefore properly treated it as a Rule 33 motion.

**4.** Rule 33 provides:

The Court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice.... A motion for a new trial based on the ground of newly discovered evidence may be made only before or within 2 years after final judgment.... A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the Court may fix during the 7–day period.

Super.Ct.Crim.R. 33.

**5.** The government contends that appellant's complaint that defense counsel "failed to approach appellant with any plea offer ... is more appropriately addressed to the disciplinary authorities" because "[a]ppellant has no right to a plea offer." Whether appellant had a constitutional right to a plea offer or not is not the issue; trial counsel had an obligation to communicate a plea offer, and the failure to do so may constitute ineffective assistance. *See Gooding v. United States*, 529 A.2d 301, 304 (discussing the "dominance of [guilty plea] dispositions in our criminal justice system").

**6.** For example, the judge admonished defense counsel for failing to make a proper opening statement, for improper cross-examination, for failing to give advance notice of a witness with possible fifth amendment concerns, and for inadequate preparation.

cordingly, the trial judge erred in not conducting a hearing to determine whether appellant could establish his claim of ineffective assistance.

### III

■ Appellant has raised the further claim that the trial judge erred by failing to conduct a *Monroe/Farrell*-type of inquiry at sentencing. The court has held:

> When a defendant makes a pre-trial challenge to the effectiveness of counsel—whether court-appointed or retained—and requests the appointment of new counsel on the ground that counsel, due to lack of investigation, preparation, or other substantial reason, is not rendering reasonably effective assistance, the trial court has a constitutional duty to conduct an inquiry sufficient to determine the truth and scope of the defendant's allegations.

*Monroe v. United States,* 389 A.2d 811, 820 (D.C.), *cert. denied,* 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *accord, Farrell v. United States,* 391 A.2d 755, 760–62 (D.C.1978). When a defendant raises pre-trial allegations of ineffectiveness, the trial court "must make on-the-record findings sufficient to permit meaningful appellate review on the issue of the ability and preparedness of counsel to render effective assistance under the prevailing circumstances." *Fields v. United States,* 466 A.2d 822, 824 (D.C.1983). Such an inquiry serves as "an effective mechanism for the *prevention* of Sixth Amendment deprivations and for the simultaneous preservation of the integrity of the adversary trial process." *Monroe, supra,* 389 A.2d at 819 (emphasis in original).

A defendant has the right to effective assistance at all critical stages of a criminal proceeding, *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), and sentencing is a critical stage. *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). A defendant's complaint at sentencing about the adequacy of

sentencing counsel is not mere "dissatisfaction with the quality of representation [which is] first manifested after an adverse" result. Such a complaint is raised before the court has imposed sentence, and therefore places the trial judge in a position to prevent a Sixth Amendment violation. The rationale underlying the *Monroe/Farrell* inquiry is thus no less applicable, and a trial judge must inquire into allegations made at a sentencing hearing of ineffective assistance of counsel.

Minutes after Mr. Couch was appointed to represent appellant at sentencing, the following colloquy took place:

> MR. COUCH: Your Honor, I believe there is one question we didn't ask Mr. Johnson, whether he wants me to represent him. He, in my discussions with him in the back, indicated that this would not be a—this relationship is doomed from the start.
>
> THE COURT: Well, that's too bad. Let's see, you've gotten—you had one lawyer. This is—Mr. Sayles was the third lawyer in this case, and you're not going to play that game with me, understand that? [7]
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, you've got Mr. Couch or you can get your own lawyer, do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, we're coming back here on whatever day we agreed upon, March 12th. And we're going to proceed with whatever is before us. Now, if you don't like Mr. Couch, you go out and get your own lawyer, do you understand that?
>
> THE DEFENDANT: Yes.

■ As the preceding excerpt demonstrates, the trial judge was alerted at sentencing to appellant's dissatisfaction with appointed counsel. Although a defendant does not have an unfettered right to counsel of his choice, *McKee v. Harris,* 649 F.2d 927, 931 (2d Cir.1981), *cert. denied,* 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177

---

7. The trial judge apparently was referring to the fact that appellant, who was originally represented by appointed counsel, retained Mr. Sayles to represent him at trial. Mr. Couch was then appointed to represent appellant at the sentencing hearing.

(1982), a trial judge is obliged to appoint new counsel if a defendant can establish "good cause, such as conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which [could] lead ... to an apparently unjust verdict." *id.; see also* W. LaFave & J. Israel, Criminal Procedure § 11.4 at 36–37 (1984). Indeed, "[d]ue process obligates a trial judge to explore the sources of a defendant's dissatisfaction with counsel to eliminate the possibility of a hostile and ineffective representation." *Soto v. United States,* 369 F.Supp. 232, 239 (E.D.Pa.1973).

■ Consequently, once Mr. Couch advised the trial judge of appellant's statement that "this relationship is doomed from the start," the trial judge was obliged to take some action to rectify the situation. The judge could have satisfied this obligation by inquiring into the specific source of appellant's concerns, along the lines of a *Monroe/Farrell* hearing. At a minimum, in view of the fact that appellant and Mr. Couch had only conferred for less than ten minutes, the trial judge might have advised appellant and Mr. Couch to attempt to reconcile their differences. Because the trial judge made no effort to determine whether appellant had good cause to be dissatisfied with Mr. Couch's representation, this court is unable to conclude that appellant received effective representation.

■ The usual remedy when a defendant successfully claims on appeal that the trial court failed to conduct a required *Monroe/Farrell* inquiry is to remand for a hearing to determine whether appellant received effective assistance of counsel. *See, e.g., Matthews v. United States,* 459 A.2d 1063 (D.C.1983). As indicated in *Bass v. United States,* 580 A.2d 669, 671 (D.C. 1990), however, "*Matthews* teaches that either a remand or a reversal may be the appropriate remedy, depending on the circumstances of each case." Given the unusual circumstances in this case, a remand for a *nunc pro tunc Monroe/Farrell*-type hearing may well be inappropriate. Unlike the typical case of pre-trial allegations of ineffective assistance, this complaint concerns only appellant's representation at sentencing. The government will therefore not be burdened with having to retry appellant. Indeed, a resentencing hearing may actually be less burdensome than an attempt at this late date to reconstruct the nature of appellant's dispute with Mr. Couch. Accordingly, we conclude that upon remand, the judge should either conduct an inquiry into appellant's dissatisfaction with Mr. Couch or appoint new counsel and resentence appellant.

The case is remanded for a hearing on appellant's motion for a new trial, and if the motion is denied, for a hearing regarding the adequacy of sentencing counsel or resentencing. Appellant shall have new counsel at any further proceedings.

*So ordered.*