Vincent A. JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

No. 91–CF–974.

District of Columbia Court of Appeals.

Argued April 7, 1993.
Decided July 26, 1993.

---

Barbara E. Sosnick, appointed by this court, for appellant.

William M. Sullivan, Jr., Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at

the time the brief was filed, and John R. Fisher, Thomas J. Motley and Joan Draper, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and TERRY and SULLIVAN, Associate Judges.

ROGERS, Chief Judge:

The question in this appeal is whether, upon resentencing for a lesser included offense after a guilty plea, the trial court violated appellant's due process rights or abused its discretion by imposing a sentence that is greater than the sentence originally imposed after a trial on the greater offense but a sentence that is still less than the total cumulative sentence previously imposed. We find no error by the trial judge, and therefore we affirm.

## I.

Appellant Vincent A. Johnson was convicted, by a jury, of one count of armed robbery, D.C.Code §§ 22–2901, –3202 (Repl. 1989), and two counts of assault with intent to rob while armed, *id.* §§ 501, –3202. Prior to sentencing, he filed a *pro se* motion for a new trial, on the ground of ineffective assistance of trial counsel, which was denied by the trial judge. He was sentenced to ten years to life for armed robbery and three years to life on each count of assault with intent to rob while armed. The assault sentences were concurrent with each other, but consecutive to the armed robbery sentence and any other sentence appellant might serve. Appellant appealed his convictions and the denial of his motion without a hearing. The court found no merit to the contentions in his direct appeal attacking his convictions, but remanded the case for a hearing on the motion for a new trial, and if denied, for a hearing on the adequacy of sentencing counsel, or for resentencing. *Johnson v. United States*, 585 A.2d 766, 768 n. 2, 771 (D.C.1991) (*Johnson I*).[1]

In his motion for a new trial, appellant alleged, *inter alia,* that his trial counsel had failed to advise him of a plea offer made by the government. On remand, appellant and the government reached an agreement whereby they would ask the trial court to vacate appellant's convictions contingent upon his accepting a plea offer and pleading to the lesser included offense of assault with intent to rob. D.C.Code § 22–501 (Repl.1989). The trial judge inquired of the government and defense counsel whether there was any legal impediment to proceeding, in view of the outstanding convictions which had been affirmed on appeal. He concluded, in view of the remand of the case, that were appellant to prevail in his motion, the parties would be back to the status that they were in prior to commencement of the trial. The prosecutor suggested that in the interests of judicial economy the government would concede for the purposes of discussion that the defense has some merit and seek to have the convictions vacated with the understanding that appellant would immediately plead guilty to assault with intent to rob. The prosecutor also advised the trial judge that the government would not present any evidence on the motion for a new trial or the motion to vacate. The judge proceeded to conduct an inquiry pursuant to Super.Ct.Crim.R. 11, and accepted appellant's plea to assault with intent to rob. In the course of that inquiry, the judge advised appellant that he could be sentenced to a maximum term of two to fifteen years. The prosecutor noted that the government reserved its right to speak at sentencing. Appellant took an oath, and after hearing the prosecutor's proffer of proof, admitted to the truth of the proffer. The judge accepted appellant's plea and agreed "to move to vacate [appellant's other] conviction[s]."[2]

1. In *Johnson I, supra,* the court erroneously stated that appellant was convicted of only armed robbery and two counts of assault with intent to rob. *Id.* at 768 n. 1.

2. The record on appeal does not indicate that the convictions affirmed on appeal in *Johnson I, supra,* 585 A.2d at 768 n. 2, have been vacated.

The trial judge agreed to defense counsel's request that sentencing proceed on the same date, August 2, 1991. Defense counsel stated that appellant had been imprisoned since 1985 and during that time had become a changed man, ceasing to use illegal drugs, regularly attending Narcotics Anonymous meetings, completing his GED program, and having a good disciplinary record in the Central Facility at the Lorton Reformatory. Counsel noted that appellant had worked at the Lorton print shop for a year and a half, currently worked halftime at maintenance, attended a graphic arts school, had a certificate from a pre-industrial training program, and had two grown children in the community and a verifiable address where he could live. Defense counsel requested that appellant be sentenced *nunc pro tunc* to one to three years' imprisonment.

In response, the trial prosecutor urged that appellant be sentenced to the maximum sentence. The prosecutor reminded the trial judge that appellant had raised an alibi defense at trial (but did not testify) contrary to appellant's admission upon his plea. Further, the prosecutor represented that a previous plea effort did not work out because appellant did not agree with the factual proffer. Finally, the prosecutor noted "the Court's original sentence" and appellant's "extensive record," and argued that a one to three year sentence "would not be a sentence that would reflect what [appellant] did, what occurred in this courtroom, [or] what this case has gone through."

After defense counsel responded to the prosecutor's comments, appellant apologized to the court for his crimes, explained why the alibi witnesses' testimony was not necessarily inconsistent with his commission of the crimes, and stated that he had ceased using drugs since he had been in jail and regularly attended Narcotics Anonymous meetings. The prosecutor suggested a contrary view of the alibi witnesses' testimony and informed the judge that appellant had several prior convictions.[3] Defense counsel advised that appellant had no "backup time." The trial judge sentenced appellant to five to fifteen years and required that he pay $60 for crime victims' compensation.[4] Appellant appeals from the judgment of conviction of August 2, 1991.

## II.

Appellant contends that because the sentence imposed upon resentencing, of

3. The prosecutor advised that the "rap" sheet showed that appellant had previously been convicted of first-degree burglary while armed in 1977, an earlier UNA conviction, a later UNA conviction and attempted robbery in 1984.

4. The following colloquy transpired:

THE COURT: I don't see any basis in light of the record, Mr. Johnson, in light of the fact the Court saw fit to impose a sentence of ten years to life before the—

DEFENSE COUNSEL: Your Honor, if I may interrupt. That was for—that was for armed robbery, 15—

THE COURT: No, I understand that. But the Court looked at the—I realize I can't impose that sentence again because the maximum is 15 years. In light of how the Court viewed the case previously and how the Court views the case today, a sentence of not less than five, not more than 15 years is appropriate in this case.

DEFENSE COUNSEL: Your Honor, I would ask the Court if it could review the sentence, considering that he was sentenced to three years to life on assault with intent to rob the first time around.

REMAND PROSECUTOR: Exposure's two to 15, Your Honor.

THE COURT: Exposure's two to 15.

DEFENSE COUNSEL: But he's being—under North Carolina versus Speth (phonetic),—

THE COURT: The only thing I can tell you, Ms. Sosnick, is to take it to the Court of Appeals. Five to 15. Step back.

TRIAL PROSECUTOR: Your Honor, if I could just correct, I think it was ten to life in the armed robbery and three to life on the [two counts of assault with intent to rob while armed], and that was to be consecutive. So it was a total of 13 years.

THE COURT: All right.

TRIAL PROSECUTOR: That was consecutive. I think the Court has the ability to fashion a sentence similarly.

THE COURT: Oh, I agree. I agree, Mr. Motley. Thank you.

DEPUTY CLERK: Was that *nunc pro tunc?*

THE COURT: I think it's after a sentence. I didn't say *nunc pro tunc.* All right. Thank you.

five to fifteen years for the lesser offense of assault with intent to rob, was greater than the previous sentence for the greater offense, of three to life for assault with intent to rob while armed, it impermissibly infringed on appellant's due process rights under *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In *Pearce,* the Supreme Court was confronted with a situation in which a defendant had successfully obtained, on collateral attack, the reversal of his convictions and was retried, convicted after a second trial of the same offenses, and resentenced to a longer sentence than previously imposed. The Supreme Court held that in order to assure "open and equal access to the courts," *id.* at 724, 89 S.Ct. at 2080 (citations omitted):

> Due process of law ... requires that vindictiveness against a defendant for having successfully attacked [her or] his first conviction must play no part in the sentence he [or she] receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack [her or] his first conviction, due process also requires that a defendant be freed of apprehension of such retaliatory motivation on the part of the sentencing judge.

*Id.* at 725, 89 S.Ct. at 2080. As a result, there is a presumption of vindictiveness that arises when a trial judge sentences a defendant to a greater sentence for the same offenses after a second trial. *Id.* at 726, 89 S.Ct. at 2081; *see Alabama v. (James) Smith,* 490 U.S. 794, 795, 109 S.Ct. 2201, 2202, 104 L.Ed.2d 865 (1989). Consequently, the Court stated that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his [or her] doing so must affirmatively appear." [5] *North Carolina v. Pearce, supra,* 395 U.S. at 726, 89 S.Ct. at 2081.

The initial question is whether *North Carolina v. Pearce* has any application in the situation where the resentence occurs as a result of a plea rather than a retrial. *See Texas v. McCullough,* 475 U.S. 134, 138, 106 S.Ct. 976, 978, 89 L.Ed.2d 104 (1986) ("we have restricted application of *Pearce* to areas where its 'objectives are thought most efficaciously served' ") (quoting *Stone v. Powell,* 428 U.S. 465, 487, 96 S.Ct. 3037, 3049, 49 L.Ed.2d 1067 (1976)). Appellant was not subject to resentencing for precisely the same offenses after a second trial, and the sentence that he received upon resentencing was less than the cumulative sentence he had previously received upon conviction of several offenses. The Supreme Court has rejected the view that a greater sentence after a trial following the reversal of a conviction upon a guilty plea is attributable to vindictiveness of the judge. *Alabama v. Smith, supra,* 490 U.S. at 801, 109 S.Ct. at 2206. The Court's rationale was that, unlike the trial judge who retries a case, as in *Pearce,* and "can be expected to operate in the context of roughly the same sentencing considerations," the trial judge who presides at a trial after a plea "may gather a fuller appreciation of the nature and extent of the crimes charged." *Id.* The Court also pointed out that "after a trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present." *Id.* However, a case by case determination is required to determine whether the presumption of vindictiveness is appropriate. The determination rests on an evaluation of whether there is concern about "institutional interests that might occasion higher sentences by a judge desirous of discouraging what he [or she] regards as meritless appeals." *Texas v.*

5. The Court also held that the Double Jeopardy Clause requires that a defendant must receive credit for time served on the first sentence in calculating the length of incarceration under the second sentence for the same offense. *North Carolina v. Pearce, supra,* 395 U.S. at 718, 89 S.Ct. at 2077. The Court made clear as well that "[a] trial judge is not constitutionally precluded ... from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" *Id.* at 723, 89 S.Ct. at 2079 (quoting *Williams v. New York,* 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337 (1949)).

*McCullough, supra,* 475 U.S. at 138–39, 106 S.Ct. at 979 (quoting *Chaffin v. Stynchcombe,* 412 U.S. 17, 27, 93 S.Ct. 1977, 1983, 36 L.Ed.2d 714 (1973)). *See also Kelly v. Neubert,* 898 F.2d 15, 18 (3rd Cir.1990) (citing *Paul v. United States,* 734 F.2d 1064 (5th Cir.1984)).

The instant case is the exact opposite of *Alabama v. Smith, supra,* 490 U.S. 794, 109 S.Ct. 2201, since the trial preceded the plea. While the leniency factors may no longer exist, *see id.* at 801, 109 S.Ct. at 2205 (citing *Brady v. United States,* 397 U.S. 742, 752, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 (1970)), the transcript at resentencing indicates that the trial judge did not recall the details of the trial. Rather, the trial judge focused on the fact that he had originally imposed a sentence of ten years to life for armed robbery and on appellant's rejection of a pretrial plea offer by the government.[6] We do not foreclose the possibility that vindictiveness can arise in the absence of a retrial where the trial judge, resenting the fact that a defendant has wasted the court's time by going to trial when he was ready to enter a guilty plea, punishes the defendant for having rejected an earlier plea offer. *Cf. McPhaul v. United States,* 452 A.2d 371, 374 (D.C.1982). But, the term imposed on appellant upon resentencing was clearly within the statutory limits of D.C.Code § 22–501 (Repl.1989) and by its terms clearly less than the original life sentence.

■ Appellant has cited no authority for the proposition that an increased sentence in regard to one count of an indictment, or on part of a former sentence, but a sentence that is less than the original cumulative sentence on all counts, falls within the scope of *North Carolina v. Pearce* presumption. *See Alabama v. Smith, supra,* 490 U.S. at 799, 109 S.Ct. at 2204 (presumption should only apply where a "reasonable likelihood" that the new sentence is a product of vindictiveness by the judge). The government, in contrast, has cited federal authority rejecting such a proposition. *See United States v. Mancari,* 914 F.2d 1014, 1018–22 (7th Cir.1990) (emphasizing importance of allowing judge to "effectuate the original sentencing intent") (quoting *United States v. Shue,* 825 F.2d 1111, 1113 (7th Cir.), *cert. denied,* 484 U.S. 956, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987)); *Kelly v. Neubert, supra,* 898 F.2d at 18; *United States v. Pimienta–Redondo,* 874 F.2d 9, 14 (1st Cir.1989) (where multi-count indictment, and part or all of conviction vacated, judge "should be free to review efficacy of what remains in light of the original plan ... to ensure that the punishment still fits both crime and criminal"). This court, likewise, has found no violation of the Double Jeopardy Clause where the trial judge revises a sentence on individual counts upon resentencing in order to achieve the purposes of the original sentencing scheme when convictions must be vacated. *Garris v. United States,* 491 A.2d 511, 514 (D.C.1985) (resentencing upon merger of offenses) (citing *Thorne v. United States,* 471 A.2d 247, 249 (D.C.1983)). Moreover, as the government points out, the original sentence that appellant received for assault with intent to rob while armed was a nullity since the trial judge was required to impose a mandatory minimum sentence of five years under D.C.Code § 22–3201. *See Kerns v. United States,* 551 A.2d 1336, 1337 & n. 1 (D.C.1989); *Abrams v. United States,* 531 A.2d 964, 966 n. 3 (D.C.1987); *Byrd v. United States,* 487 A.2d 616, 617 (D.C. 1985). Finally, this court stated in *Eldridge v. United States,* 618 A.2d 690, 699 (D.C.1992), that "[a]s long as the total length of the new sentence on the remaining counts does not exceed the total length of [the defendant's] previous sentence on all counts (including those overturned [on appeal]), and there is no other evidence of any retaliatory motive, such resentencing offends neither due process nor the double jeopardy clause." Consequently, we conclude that appellant has no basis on which to claim a due process violation on the

6. In light of the government's concession that appellant was entitled to receive credit for the time that he had already served, there is no basis on which to conclude, notwithstanding the trial judge's disclaimer of a *nunc pro tunc* sentence, that appellant was resentenced to five to fifteen years in addition to the time he had already served.

ground of a presumption of judicial vindictiveness because the original three year minimum sentence was less than the five year minimum imposed by the trial judge upon resentencing.

█ In addition, appellant has not shown actual vindictiveness by the trial judge at resentencing. While appellant formerly faced a maximum sentence of life, he now faces only fifteen years. While he had previously faced a minimum of thirteen years, his minimum term upon resentencing was five years. In agreeing with the government's proffer, appellant admitted that he was involved in more than assault with intent to rob. This was an added reason for the trial judge to want to effect his original sentencing scheme to the extent permitted by law. *See Greene v. United States*, 571 A.2d 218, 222 (D.C. 1990) (sentencing judge has the authority to take into account more than the crime of which appellant was convicted); *McPhaul, supra*, 452 A.2d at 374. In regard to appellant's rejection of a pretrial plea offer, defense counsel advised the trial judge that appellant's Sixth Amendment claim made reliance on that circumstance inappropriate. His plea now avoided another trial. Under these circumstances, we conclude that appellant has not shown actual vindictiveness.

█ Appellant's second contention, abuse of discretion, fares no better. Given the trial court's broad sentencing discretion, *see Wasman v. United States*, 468 U.S. 559, 563, 104 S.Ct. 3217, 3220, 82 L.Ed.2d 424 (1984); *Caldwell v. United States*, 595 A.2d 961, 966 (D.C.1991); *Powers v. United States*, 588 A.2d 1166, 1169 (D.C.1991), and the interest in finality, this court, in the absence of legislative direction, does not review excessiveness of sentences. *Foster v. United States*, 290 A.2d 176, 179 (D.C.1972). While the sentencing process is subject to appellate scrutiny for abuse, *see In re L.J.*, 546 A.2d 429, 434–35 (D.C.1988); *Williams v. United States*, 293 A.2d 484, 486 (D.C.1972); *United States v. Stoddard*, 553 F.2d 1385, 1389 (1977), we find no abuse here. Therefore, in the absence of a fundamental defect in a sentence, this court may not reduce a sentence within statutory limits. *McPhaul, supra*, 452 A.2d at 374. Appellant has pointed to no such fundamental defect, and we find none. Nor do we find an occasion to exercise our supervisory powers. *See id.*

Accordingly, we affirm the judgment of conviction.