**Ruth A. FISHER, Appellant,**

v.

**Albert SMALL and Lillian H. Small, and Anna Efross and Sidney Efross, trading as Apex Decorating Co., Appellees.**

**No. 2641.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 7, 1960.

Decided Dec. 30, 1960.

Julius W. Robertson, Washington, D. C., for appellant.

William E. Stewart, Jr., Washington, D. C. with whom William J. Donnelly, Jr., Richard W. Galiher, and Julian H. Reis, Washington, D. C., were on the brief, for appellees Small.

Charles E. Channing, Jr., Washington, D. C., for appellees Efross.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

While walking on a public sidewalk appellant was struck by a piece of glass which fell from a window of a building owned by appellees Small. At the time appellees Efross were repairing and remodeling the premises for the owners. Appellant sued the owners and repairers, charging them with negligence.

In the first of two trials the jury returned a verdict of $28,000.[1] Appellees claimed the verdict was excessive and not supported by the evidence and moved for a new trial. The court granted these motions and the second trial resulted in a ver-

[1] The action was first brought in the United States District Court but was certified to the Municipal Court under Code 1951, § 11–756 (Supp. VIII).

dict of $4500 in favor of appellant. She then moved for a new trial on the ground that the verdict was grossly inadequate. That motion was denied and this appeal followed.

Appellant's first assignment of error is that the motion for a new trial from the first verdict was not timely filed by appellees Small and therefore improvidently granted as to them. She requests reinstatement of that verdict against the Smalls. This same argument was made to the trial court in a motion to vacate its order granting a new trial to the Smalls. The Smalls opposed that motion and requested that the court correct the record so as to reflect accurately the timely filing of their motion.

After a full hearing on these conflicting claims the court made formal findings of fact. These recited that the Smalls' motion together with points and authorities in support thereof was filed with it in chambers on February 24, 1959, within the allowable time from entry of the verdict on February 19; that the court failed at that time to note the time of filing on the motion, and did not send it to the clerk's office for such action; that at the hearing on the motion on March 5, counsel for the Smalls requested the return of the points and authorities in order to redraft them and delete some impertinent and immaterial matters contained therein; that the court allowed this request and returned not only the points and authorities but the motion as well. When resubmitting the newly drafted points and authorities on March 11 counsel returned the original motion and it was then for the first time mechanically stamped and dated as "filed" by the clerk's office.

After reciting these facts the court concluded that "the motion of the defendants Small for a new trial, filed with the Court in Chambers on February 24, 1959, was properly and timely filed"; the failure to

note such filing in the docket and on the face of the motion "were clerical mistakes"; and the delivery of the motion to counsel as well as stamping it upon its return as having been filed on March 11 "was a clerical mistake." Lastly, the court concluded that the motion having been timely filed, and not having been withdrawn or altered, the court did not lose jurisdiction to entertain it. The court ordered that the docket be corrected to show filing of the motion on February 24, 1959.

■ Appellant urges that the mechanical notation of filing on March 11 made in the clerk's office should be determinative of when the Smalls' motion for new trial was filed, and that it was error for the court to alter the records based on memory alone. This contention cannot stand in view of the court's formal and detailed findings and conclusions recited above. The court was not reconstructing a hazy or complicated situation from memory but was stating the simple fact that it had received the motion for filing on February 24, 1959. The court noted additionally that it returned the motion to counsel, who requested permission to redraft his points and authorities. There is no question that a trial judge has power to receive papers for filing under Rule 5(e) of the Municipal Court Rules, and we agree that mere failure to note the time of filing thereon as provided by that rule was, under the circumstances here recited, nothing more than a clerical error capable of being remedied under Rule 60(a) or under the court's inherent power to correct its record so as to reflect the truth and insure that justice be served.[2]

Nowhere in the record is there a denial that the motion of February 24 was in fact filed as claimed. We are really asked to ignore all except the clerk's office stamp-file date of March 11.[3] But we have no

2. Kennedy v. Reid, 101 U.S.App.D.C. 400, 249 F.2d 492.

3. Appellant's present counsel was not counsel of record at the first trial or at

the time the disputed motion was filed. There is in the record opposition to the Smalls' motion bearing certificate of service dated March 2 by appellant's then

reason to treat the filing on the latter date in any light other than that officially certified by the trial court. Under the circumstances of this case the parties are bound by the propriety of the court's action.[4]

■ Appellant next assigns as error the admission of evidence allegedly privileged. Code 1951, 14–308 (Supp. VIII). Appellees Efross called as a witness a physician who had examined appellant. Appellant sought to prevent introduction of his testimony as privileged, but the court ruled the privilege had been waived by the voluntary exchange of medical reports in the case. The court could have found that no privilege arose at all, since the doctor examined appellant only once upon request of her attorney and neither treated her nor prescribed treatment for her. It seems apparent that this examination, coming more than three years after the injury, was for the purpose of procuring this doctor's testimony at the second trial. "Examination for testimonial purposes only has nothing to do with treatment. A doctor who makes such an examination is not 'attending a patient'. There is no confidential relation between them."[5]

But even if the privilege existed, the ruling that it had been waived was correct. The report of this doctor along with those of all doctors who examined appellant, including those made on behalf of appellees Small, were exchanged between opposing counsel. The procedure was similar to that contemplated under Rule 35 except that it was voluntary. This clearly constituted a waiver by analogy to that rule,[6] and by what

is commonly understood to encompass a waiver apart from that rule.[7]

Appellant's final assignment of error is that the verdict returned at the second trial was grossly inadequate. Appellees admitted liability and the trial was limited to proof of damages. The claim of inadequacy is based primarily upon the theory that appellant will suffer lasting effects from the blow. Since the injury she has experienced dizziness, severe headache and loss of hair, and argues that these conditions will continue.

Appellees produced evidence that appellant had a long medical history, going back as far as 1941, and a series of ailments including hypertension, headache, convulsive seizures, dizziness, blackouts and even loss of hair. On one occasion in 1953 she required hospitalization after suffering a fainting spell and falling against a radiator. While in the hospital on another occasion she suffered several seizures. She had also been under the care of a psychiatrist prior to the accident in an attempt to cure severe headaches. Appellant contended that the injury received from the falling glass had aggravated these pre-existing conditions.

■ The question presented was clearly one for the jury. From the mass of testimony presented they had to decide to what extent the blow was responsible for the creation or aggravation of conditions most of which were concededly antecedent to the injury. Appellees' expert testimony was extremely detrimental to appellant's case. One doctor gave the opinion that appellant

---

counsel of record. That answer alludes to the impertinent matters counsel for the Smalls deleted when the points and authorities were returned to him on March 5, and the court noted that the motion was returned in the presence of all parties concerned at the time. The motion to vacate the Smalls' grant of a new trial as untimely filed was present counsel's first act upon being substituted as counsel of record.

4. See Dwight v. Hazlett, 107 W.Va. 192, 147 S.E. 877, 66 A.L.R. 102.

5. Taylor v. United States, 95 U.S.App.D.C. 373, 377, 222 F.2d 398, 402. See also Browne v. Brooke, 98 U.S.App.D.C. 391, 236 F.2d 686.

6. Sher v. DeHaven, 91 U.S.App.D.C. 257, 199 F.2d 777, 36 A.L.R.2d 937, certiorari denied 345 U.S. 936, 73 S.Ct. 797, 97 L.Ed. 1363; Keil v. Himes, D.C.E.D. Pa., 13 F.R.D. 451; 4 Moore, Federal Practice, § 35.06.

7. 8 Wigmore, Evidence §§ 2388–2390.

"had no permanent disability related to her injury," and another felt that there was not "the slightest evidence that the injury * * * was responsible for the present complaints, for the headache and dizziness."

Considering all the evidence the jury had before it, we cannot say the verdict was inadequate as a matter of law. The rule in this jurisdiction is strongly against upsetting a jury verdict on appeal on the ground of gross inadequacy.[8] There is no reason for departing from that rule in this case.

Affirmed.

8. Bryant v. Mathis, 107 U.S.App.D.C. 339, 278 F.2d 19; Rankin v. Shayne Brothers, Inc., 98 U.S.App.D.C. 214, 234 F.2d 35.