**William P. RICH, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10106.**

District of Columbia Court of Appeals.

Submitted April 7, 1976.

Decided May 11, 1976.

---

Edward R. Shannon, Washington, D. C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Garey G. Stark and Mark H. Tuohey III, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before FICKLING, KERN and NEBEKER, Associate Judges.

PER CURIAM:

This is an appeal from two amended Judgment and Commitment Orders entered pursuant to a plea of guilty to unauthorized use of a motor vehicle[1] and false pretenses.[2] The sole issue raised on appeal is whether the court below erred by entering the written amendments to the original Judgment and Commitment Orders. We affirm.

At the sentencing proceeding held on September 26, 1975, the presiding judge made the following oral pronouncement:

> Well, Mr. Rich, on these two offenses . . . the Court is going to sentence you, and they will be concurrent sentences, for an indeterminate time under the Youth Corrections Act, 5010(A), to such time as they determine you would be eligible for parole.
>
> * * * * * *
>
> I made it indeterminate, rather than straight jacket then [*sic*] because if they feel he does progress, as he evidently seems to be progressing in Southern Maryland, then they can make the determination as to when he should be released.

On the same day, the sentencing judge executed two Judgment and Commitment Orders which provided for "commitment under 5010(A) of Federal Youth Corrections Act."[3] Later on the same day, the judge amended the orders to read "commitment under 5010(B) of Federal Youth Corrections Act."[4] This change was

1. D.C.Code 1973, § 22–2204.

2. D.C.Code 1973, § 22–1301.

3. 18 U.S.C. § 5010(a) (1970) provides:
 (a) If the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation.

4. 18 U.S.C. § 5010(b) (1970) provides:
 (b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter
 . . . .

made by the judge sua sponte, and neither appellant nor his counsel was present at the time of the correction.

Appellant contends that the original, unamended orders of judgment and commitment correctly reflected the oral pronouncement of the sentencing judge that appellant would be given probation under 18 U.S.C. § 5010(a). Appellant contends that it was error for the sentencing judge to increase the sentence from a 5010(a) to a 5010(b) commitment by its sua sponte, ex parte amendment.

■ It is well established that a written Judgment and Commitment Order must conform to the terms of sentence pronounced in open court since the latter constitutes the actual judgment of the court. *Rakes v. United States*, 309 F.2d 686, 688 (4th Cir. 1962); *Kennedy v. Reid*, 101 U.S.App.D.C. 400, 403, 249 F.2d 492, 495 (1957).

■ The sentence pronounced in open court must be construed as a whole to determine the court's intention. *Kennedy v. Reid, supra* at 403, 249 F.2d at 495; *accord, Bellam v. State*, 233 Md. 368, 196 A.2d 891 (1964); *Commonwealth v. Myers*, 190 Pa.Super. 461, 154 A.2d 297 (1959). In the instant case, the record clearly reveals the intention of the sentencing judge to incarcerate, despite the court's bare mistaken reference to 5010 (a). The judge declared that the indeterminate concurrent sentences run until such time "as they determine you would be eligible for parole."

■ The subsequent corrective actions of the judge to conform the written orders to the pronounced sentence were proper. Super.Ct.Cr.R. 36 provides in pertinent part:

Clerical mistakes and errors in judgments, orders, or other parts of the record . . . which arise from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders. . . .

Quite apart from the above applicable rule, the court's actions were justified based on its inherent power to correct its record so as to reflect the truth and insure that justice be served. *Fisher v. Small*, D.C.Mun.App., 166 A.2d 744, 746 (1960); *Kennedy v. Reid, supra* at 404, 249 F.2d at 496; *Downey v. United States*, 67 App. D.C. 192, 199, 91 F.2d 223, 230 (1937).

For the above reasons, we affirm.

*Affirmed.*