■ The People of the State of New York, Respondent, v Nathaniel Phino, Appellant. — Judgment, Supreme Court, New York County, rendered November 9, 1979 convicting defendant, upon resentence, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39) and criminally possessing a hypodermic instrument (Penal Law, § 220.45), and sentencing him thereon to a prison term from one to three years on the criminal sale count, and an unconditional discharge on the hypodermic instrument count, is unanimously affirmed. On May 6, 1976 the jury brought in a verdict of guilty. By motion dated June 7, 1976, defendant moved pursuant to CPL 330.30 (subd 3) to set aside the verdict on the sale count and for a new trial thereon on an affirmation by defense counsel that a woman named Myrna Rodriguez had told him that she had witnessed the transaction and that defendant was not the seller; that Ms. Rodriguez had been unwilling to get involved until after the jury verdict when she finally told defendant's wife and "counselor" that she would be willing to talk to defendant's lawyer and to come to court to tell the truth. On July 29, 1976 the Trial Judge granted the motion to set aside the verdict and for a new trial. Thereafter there were various adjournments of the proposed new trial. Ultimately defendant's attorney informed the District Attorney that Ms. Rodriguez would not testify unless she were granted immunity from prosecution as her version now was that she was criminally involved in the sale. The District Attorney refused to consent to such a

grant of immunity and on May 10, 1977 moved to vacate the court's order of July 29, 1976 setting aside the verdict. After an oral hearing on October 5, 1977, the court granted the motion to vacate the order of July 29, 1976 and thereafter defendant was sentenced on the original jury verdict. The factual predicate of the earlier order, July 29, 1976, granting the motion to set aside the verdict was stated by the court: The witness has now been contacted and is available to testify. If that factual predicate was inaccurate at that time, or became inaccurate at a later time, the court had power before final judgment to reconsider its determination, especially where as here the inaccuracy of the factual predicate of the earlier order may not have become apparent until some time after the earlier order was made. As the defendant's original brief argued only the question of power, we requested supplemental briefs on the question whether, assuming the trial court had power to vacate its order of July 29, 1976 setting aside the verdict and granting a new trial, was that power properly and fairly exercised in this case. In response to that both parties submitted supplemental briefs and by stipulation supplemented and added to the record. On the basis of this additional record, it appears that defendant's attorney was at least as much responsible for adjournments of the proposed trial as was the prosecutor; that the adjournments had nothing to do with the witness' availability or unavailability, as at best she was unwilling to testify in the absence of the grant of immunity, assuming that she would be willing to testify under any conditions; and that the prosecutor moved promptly to vacate the order setting aside the verdict after learning definitively that the witness was unavailable to testify. As to the suggestion that at a new trial defendant's attorney could testify to what the witness had told him, as a declaration against the witness' penal interest, such testimony had already been given at the trial by a predecessor attorney for the defendant. In the circumstances, the court did not err in vacating its order of July 29, 1976 which had set aside the verdict. We have considered the other points raised by appellant and in our view, they do not warrant our interfering with the judgment. Concur — Fein, J. P., Lupiano, Silverman, Bloom and Carro, JJ.