**Russell GRAY, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 88–1252, 90–282.**

District of Columbia Court of Appeals.

Submitted Dec. 13, 1990.
Decided Jan. 11, 1991.

J. Herbie DiFonzo, Washington, D.C., appointed by this court, filed a brief, for appellant.

Jay B. Stephens, U.S. Atty., and John R. Fisher and Patrice I. Kopistansky, Asst. U.S. Attys., Washington, D.C., filed a brief, for appellee.

Before SCHWELB and WAGNER, Associate Judges, and REILLY, Senior Judge.

SCHWELB, Associate Judge:

Apparently while under the influence of PCP, Gray fired three shots from a double-barrelled shotgun through a screen door in the direction of three children, twenty to thirty feet away. The children were strangers to him and were watching television at the time. One child was struck in both legs. The other two were unhurt, but one of them testified that the shots came within an inch of her.

Gray was convicted by a jury of three counts of assault with intent to kill while armed (AWIKWA) and one count of possession of a prohibited weapon. On appeal, he contends that the AWIKWA counts merged, that there was insufficient evidence that he intended to kill the children, and that his commitment pursuant to the judge's written sentence was illegal because the judge had orally imposed a lesser one. We affirm.

## I

■ The prosecution introduced evidence that there were three separate shots fired in the direction of three children in the room.[1] One child was struck and a second was almost hit. The evidence, viewed in the light most favorable to the govern-

ment, *Irick v. United States*, 565 A.2d 26, 30 (D.C.1989), would enable a reasonable jury to conclude that one shot was fired at each child. If this occurred, then separate crimes were committed, and separate sentences were appropriate. *Davis v. United States*, 498 A.2d 242, 245–46 (D.C.1985); *United States v. Cooper*, 164 U.S.App.D.C. 191, 194, 504 F.2d 260, 263 (1974). The firing of multiple shots supports this conclusion and differentiates this case from one in which there was a single shot into a crowd. *Government of the Virgin Islands v. Dowling*, 633 F.2d 660, 666–67 (3d Cir.), *cert. denied*, 449 U.S. 960, 101 S.Ct. 374, 66 L.Ed.2d 228 (1980); *United States v. Williams*, 446 F.2d 1115, 1115–16 (5th Cir. 1971).[2]

## II

■ The evidence, both direct and circumstantial, viewed in the light most favorable to the government, with due regard to the right and responsibility of the jury to weigh the evidence and to draw reasonable inferences therefrom, *Irick, supra*, 565 A.2d at 30, was also sufficient to establish beyond a reasonable doubt that Gray had the specific intent to kill the children. To fire a weapon at such range was bound to place in peril the lives of his young potential victims. Intent can rarely be proved directly, and must often be discerned from the surrounding circumstances. *See* DISTRICT OF COLUMBIA CRIMINAL JURY INSTRUCTIONS No. 3.02 (3d ed. 1978). Although the evidence arguably does not exclude every hypothesis inconsistent with an intent to kill—Gray might conceivably have intended only to wound the children—this does not invalidate the jury's verdict. *Irick, supra*, 565 A.2d at 30–31. The evidence need not *compel* a finding of guilt beyond a reasonable doubt. *Id.*

## III

■ The mandatory minimum sentence for assault with intent to kill while

---

1. The screen door was made partly of glass, and the children were able to see Gray. Accordingly, the jury could reasonably find that Gray could likewise see the children when he fired the weapon.

2. Both *Dowling* and *Williams* distinguish the seminal case of *Ladner v. United States*, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), cited by Gray, on grounds applicable to the present case.

armed is imprisonment for five years. D.C.Code §§ 22–501, –3202 (1989). When orally pronouncing sentence, the judge stated that Gray was to be incarcerated on each AWIKWA count for five to fifteen *months.* The sentence as orally imposed was obviously illegal, and "[t]he court may correct an illegal sentence at any time," Super.Ct.Crim.R. 35, even where this increases the defendant's punishment. *Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947). Even if the judge had intended to impose a sentence of five to fifteen months, he would have been required to correct it.

In any event, the judge subsequently made it clear that he had misspoken. He signed a Judgment and Commitment Order imposing concurrent sentences of five to fifteen *years* on the AWIKWA counts. This corresponded to the mandatory minimum sentence and obviously reflected his real intention from the outset.

In general, the oral pronouncement of sentence constitutes the judgment of the court, and will prevail over an inconsistent written commitment. *Valentine v. United States*, 394 A.2d 1374, 1376 (D.C. 1978). But although "[t]he oral utterance is an act of judgment, ... it is not an entirely unalterable one." *Rowley v. Welch*, 72 U.S.App.D.C. 351, 355, 114 F.2d 499, 503 (1940) (upholding correction of oral misstatement by the judge and sustaining consecutive terms though judge had stated that the sentences were to run concurrently). The rule giving primacy to the oral version of the sentence applies only where the former is clear and unambiguous. *Valentine, supra,* 394 A.2d at 1376. Where such clarity is lacking, the problem is to be resolved by resort to the written sentence. *Davis v. United States*, 397 A.2d 951, 954 (D.C.1979).

Although a sentence of five to fifteen months for an offense with a five year mandatory minimum is superficially unambiguous, its apparent clarity is deceptive. "[T]he court is not required to blind its eyes to clear evidence of its own intention." *Kennedy v. Reid,* 101 U.S.App.D.C. 400, 403, 249 F.2d 492, 495 (1957) (citation and internal quotation marks omitted). Sentencing is not a game, *id.* at 404, 249 F.2d at 496, and the trial court has the "inherent power to correct its record so as to reflect the truth and insure that justice be served." *Rich v. United States*, 357 A.2d 421, 423 (D.C.1976) (citations omitted).

Obviously, as the judge subsequently revealed, he did not intend to impose an illegal sentence, especially one that represented only a twelfth of the minimum term prescribed by law. The possibility—indeed, the virtual certainty—that the illegal sentence resulted from a slip of the tongue was readily apparent. The sentence from the bench was, therefore, at least ambiguous, for any reasonable person would have concluded that the judge did not mean to say what he said.

Giving primacy to the oral sentence over a subsequent written one is designed to prevent a vindictive judge from changing his mind in a manner adverse to the defendant. *State v. Sayre*, 314 Md. 559, 563–64, 552 A.2d 553, 555 (1989). In the present case, the judge ultimately imposed three concurrent mandatory minimum terms. He could not lawfully have imposed a more lenient minimum sentence. The rationale for the doctrine on which Gray relies is therefore inapplicable.

## IV

For the foregoing reasons, the judgment appealed from is hereby

*Affirmed.*