Steven K. NEWTON, Appellant,

v.

UNITED STATES, Appellee.

No. 88–CF–169.

District of Columbia Court of Appeals.

Argued Dec. 4, 1990.

Decided July 7, 1992.

Daniel E. Ellenbogen, Washington, D.C., appointed by this court, for appellant.

Thomas G. Connolly, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Elizabeth Trosman, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, WAGNER, Associate Judge, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

After a trial by jury, appellant was convicted in October 1985 of distribution of PCP and marijuana in violation of provisions of D.C.Code § 33–541(a)(1) (1988 Repl.). Prior to sentencing, appellant wrote to the presiding judge expressing dissatisfaction with his counsel.[1] The judge appointed a different attorney for appellant, directed him to file a motion in this regard prior to sentencing, and ordered the government to file a response. On the day of sentencing, appellant had failed as yet to file the motion; therefore, there was no need for the government to respond as the court had ordered,[2] and appellant's *pro se* motion was dismissed as prematurely filed. Appellant was sentenced to not less

---

1. Appellant's *pro se* letter claiming ineffective assistance of counsel was written subsequent to trial but *prior to sentencing;* thus it is properly treated as filed pursuant to Super.Ct.Crim.R. 33 rather than D.C.Code § 23–110 which "only authorizes a motion 'to vacate, set aside, or correct [a] *sentence.'* " *Johnson v. United States,* 585

A.2d 766, 769 and 769 n. 3 (D.C.1991) (emphasis added).

2. Service of the motion upon opposing counsel is provided for by rule, and absent a response, the court may treat the motion as conceded. (Super.Ct.Crim.R. 47–I(a-c)).

than twenty, nor more than sixty months of incarceration for distribution of PCP. He was given a ninety day concurrent sentence for the marijuana offense.

■ After sentencing, appellant filed a motion, pursuant to D.C.Code § 23–110 (1989), to vacate his convictions and for a new trial, alleging ineffective assistance of counsel. If the court cannot dispose of appellant's motion solely on the record, D.C.Code § 23–110(c) provides that the *court* must cause notice to be served on the government and grant a prompt hearing.[3] Absent action by the court in compliance with the statute, the government was not obliged to file a response, and accordingly, did not do so. Appellant, nevertheless, filed a Motion to Treat the § 23–110 Motion as Conceded, and the trial court, erroneously believing that it *had* served notice upon the United States Attorney's Office pursuant to the statute,[4] concluded that the government, in its silence, was conceding the motion. The court then mistakenly granted appellant's motion, ordered a new trial, and released appellant pending the new trial. A few days later, asserting that the court had not requested a response as required by statute before acting on the post-sentencing motion, the government filed a Motion to Reconsider and to Vacate the order granting a new trial.

Thereafter, the court, without a hearing, granted the government's motion to vacate the May 19th order, and ordered a hearing on the merits of the § 23–110 motion. (Order of January 19, 1988.) Appellant's counsel filed motions to stay further execution of the sentence and further proceedings pending appeal to this court. At a subsequent hearing, the trial court denied the motions to stay and began a hearing on the merits of the claim of ineffective assistance of counsel. Appellant was not returned to custody and was not present at the hearing. His counsel declined to participate, contending the court was without jurisdiction to conduct the hearing because (1) the court's May 19th order granting a new trial was a final order subject only to appellate review, and (2) appellant was not "in custody" within the meaning of the statute. The judge heard evidence from the government on the merits of the ineffective assistance charge and denied appellant's § 23–110 motion.[5]

This appeal arises from the court's order granting the government's Motion to Reconsider and Vacate the initial order granting relief. We affirm.

We sketch the procedural history of this case in some detail because the circumstances leading to this appeal are unusual and hopefully rare. The trial judge, in this instance, was addressing a collateral attack to appellant's convictions, an area which is becoming increasingly familiar to trial and appellate judges. In considering appellant's motion, the judge was, of course, governed by our statute, D.C.Code § 23–110, which provides in pertinent part:

§ 23–110. Remedies on motion attacking sentence.

(a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

(b) A motion for such relief may be made at any time.

---

**3.** The statute provides in pertinent part that "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting authority." D.C.Code § 23–110(c).

**4.** D.C.Code § 23–110(c). The court at a later hearing acknowledged as much.

**5.** The government presented testimony from the arresting officers and appellant's trial counsel refuting appellant's claim. At the conclusion of the hearing the court found no basis for the allegation of ineffective assistance of counsel and denied appellant's motion for a new trial.

(c) Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting authority, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto....

(d) A court may entertain and determine the motion without requiring the production of the prisoner at the hearing.

\* \* \* \* \* \*

In the trial court and in this court, appellant argues that the issuance of the unopposed order vacating appellant's convictions and granting a new trial, rendered the trial judge without authority or jurisdiction to take further action. Relying on language in the statute, appellant also urges that once he was released, he was no longer "a person in custody under sentence." It has never seriously been argued in this case that the order granting collateral relief was anything more than a response to what the court thought at the time to be an unopposed motion ripe for resolution without further notice as required by D.C.Code § 23–110(c). Thus, we believe the critical question we address is whether, under the circumstances, the trial judge could vacate a procedurally incorrect order entered by mistake or inadvertence.

■ We start with a premise, bottomed on necessity, that courts generally take care to avoid inadvertent or mistaken orders. Nonetheless, some instances will arise. In this case, once the trial court realized that, pursuant to § 23–110(c), it was the *court's* obligation to serve notice on the government, the court sought to correct its erroneous order—an action which appellant now challenges. In our review of the trial court's corrective action, the government urges us to follow the model of some federal courts, which deem a collateral attack upon a criminal conviction an independent civil action. *See Heflin v. United States*, 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 453 n. 7, 3 L.Ed.2d 407 (1959); *United States v. Somers*, 552 F.2d 108, 113 n. 9 (3d Cir.1977); *Ferrara v. United States*, 547 F.2d 861, 862 (5th Cir.1977). In taking this approach, FED.R.CIV.P. 60 has been invoked to address a problem of this nature. The government argues that the District of Columbia's identical rule, Super.Ct.Civ.R. 60, may be applied to cases such as this which would allow the trial judge to reconsider a final order. This rule (Super.Ct.Civ.R. 60(a) & (b)) provides in pertinent part:

Clerical mistakes in judgments, orders ... and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party.... On motion ... the Court may relieve a party from a final judgment, order, or proceeding [for] ... mistake, inadvertence, surprise, or excusable neglect....

However, we do not take this occasion to adopt this approach. Rather, we reiterate and rely upon the rationale that a trial court has "inherent power to correct its record so as to reflect the truth and insure that justice be served." *Rich v. United States*, 357 A.2d 421, 423 (D.C.1976).[6]

In *Lindsay v. United States*, 520 A.2d 1059 (D.C.1987), we affirmed the trial court's action reinstating a conviction and reimposing sentence after both had been set aside based on a procedural flaw involving an erroneous probation report.[7] 520

---

**6.** We cannot agree with our concurring colleague that *Rich* involved a strictly clerical error and thus, is not analogous to this case. In *Rich*, the trial court apparently believed that a sentence under 18 U.S.C. § 5010(a) was an incarcerative sentence. Based on that mistake, the trial court orally pronounced a 5010(a) sentence and entered a written judgment and commitment order to that effect. 357 A.2d at 423. Although the trial court's intention to incarcerate the defendant in *Rich* was discernible from the record, it was not strictly a clerical error. Thus, this court recognized the inherent power of the court to correct the mistake in the interests of justice. *Id.* It is that rationale we employ here in reaching our decision.

**7.** This court has also allowed a trial judge to correct an illegal sentence after final judgment of a conviction and sentence. In *Byrd v. United States*, 487 A.2d 616 (D.C.1985), we held that a court's *sua sponte* vacating the original sentence which proved to be illegal and resentencing the defendant to a longer incarceration was valid.

A.2d at 1063. We found no implication of Constitutional double jeopardy concerns and rejected the " 'doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the Court committed an error' " or that " 'a wrong move by the judge means immunity for the prisoner.' " *Id.* at 1064 (quoting *Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947)). The Supreme Court also favors giving trial courts the opportunity to correct their own errors, and points out that courts, by so doing, prevents unnecessary burdens on courts of appeals.[8] *See United States v. Ibarra,* — U.S. —, —, 112 S.Ct. 4, 6, 116 L.Ed.2d 1 (1991).

In the instant case, the trial court set aside a procedural flaw involving an order entered inadvertently and on the mistaken assumption that appellant's motion had been conceded by the government. We think it serves no meaningful purpose to hold that the trial court was powerless to vacate such a *pro forma* order. Were we to deny the court the power to correct purely administrative or procedural mistakes, appellant would be the recipient of an undeserved windfall. *See Christian v. State,* 309 Md. 114, 522 A.2d 945, 949 (1987).

The order, however, in this case was twofold. It not only set aside appellant's convictions, but also directed a new trial. These rulings are interwoven. Except for outright dismissal of the charges, vacated convictions are generally accompanied by the grant of a new trial. Courts have not been uniform as to the finality of an order granting a new trial.[9] In *English v. State,* 592 S.W.2d 949 (Tex.Crim.App.) (en banc), *cert. denied,* 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1980), the court held that the action of a motions judge when he mistakenly signed an order granting the appellant a new trial, thinking it was a motion to amend a motion for a new trial, was "akin to a clerical error" that could also be corrected. *Id.* at 955–56. *See also Moore, supra,* 749 S.W.2d at 58; *Ex parte Drewery,* 677 S.W.2d 533, 536 (Tex.Crim.App. 1984) (en banc); *Matthews v. State,* 40 Tex. Crim. 316, 50 S.W. 368 (App.1899). In the instant case, we find the trial court's vacating of appellant's conviction and granting of a new trial, based on the mistaken belief that it could be treated as conceded, so interrelated as to be regarded as a unitary error which warrants correction in the interest of justice.[10]

Accordingly, we hold that the trial judge did not err in vacating its initial order and

---

487 A.2d at 617. *See also Gray v. United States,* 585 A.2d 164 (D.C.1991); *Stewart v. United States,* 439 A.2d 461 (D.C.1981); *Christopher v. United States,* 415 A.2d 803 (D.C.1980).

Although there was no illegality in the instant case, these decisions lend support to the principle that the court may correct its own mistakes.

**8.** This is a presumed benefit which we also favor.

**9.** Some states have held once a new trial is granted, absent a clerical error, it is a final order that cannot be rescinded. *See Moore v. State,* 749 S.W.2d 54, 58 (Tex.Crim.App.1988). Others have held that a trial court may reconsider its order granting or denying a new trial, under certain circumstances. *See United States v. Miller,* 869 F.2d 1418, 1421 (10th Cir.1989) (motion to reconsider allowed if timely filed); *United States v. Doherty,* 675 F.Supp. 726, 729 (D.Mass.1987), *cert. denied,* 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989) (motion to reconsider denial of new trial allowed for intervening change in law when filed prior to final judgment); *United States v. Spiegel,* 604 F.2d

961, 971 (5th Cir.1979), *cert. denied,* 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980) (trial court had jurisdiction and discretion to reconsider grant of new trial where motion to reconsider was filed within statutory period even where movant's brief was late). Courts in Maryland allow reconsideration of an order granting or denying a new trial even where the first order was the result of a determination on the merits. The trial court must reconsider, however, within the term of court or if it is a collateral order issued prior to entry of final judgment. *See Christian, supra,* 522 A.2d at 949; *Williamson v. State,* 25 Md.App. 338, 333 A.2d 653 (1975).

**10.** In this case, the motion to reconsider which resulted in the vacation of the prior order was filed only two days after the original order. We agree with our concurring colleague that there is no impediment to correction of the earlier order on these facts. We need not decide whether the trial court can correct similar errors upon motions filed after the expiration of the time on noting an appeal because those facts are not before us.

this, of course, includes rescinding the grant of a new trial.

*So ordered.*

ROGERS, Chief Judge, concurring:

Two related but distinct legal issues are presented by this appeal: whether the trial court had jurisdiction under District of Columbia law to vacate its May 19, 1987, order granting a new trial and, if so, whether such action violated the Double Jeopardy Clause of the Fifth Amendment to the Constitution. The first issue presents a complex analytical issue that is important for the court to resolve on a sound, principled basis; otherwise, there would be no apparent limits, either substantive or temporal, on the extent to which the trial court could correct its final orders. For this reason, unlike the majority, I would not extend the limited holding of *Rich v. United States*, 357 A.2d 421, 423 (D.C. 1976) (per curiam) (correction of technical clerical errors), in order to conclude that the trial judge had authority to reconsider her grant to appellant of a new trial pursuant to D.C.Code § 23–110 (1989 Repl.). Instead, in view of our decision in *Lindsay v. United States*, 520 A.2d 1059 (D.C.1987), I would follow the courts that recognize a trial court's authority to reconsider a final order where a motion for reconsideration is filed within the allowable period for noting an appeal. *See, e.g., United States v.*

*Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982, 102 S.Ct. 2255, 72 L.Ed.2d 860 (1982); *United States v. Spiegel*, 604 F.2d 961, 971 (5th Cir.1979), *cert. denied*, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980); *United States v. Miller*, 869 F.2d 1418, 1420–21 (10th Cir.1989); *People v. Weller*, 679 P.2d 1077, 1080–81 (Colo.1984) (en banc), and cases cited therein.

I

The first issue arises in the context of a statute that applies to "a prisoner in custody under sentence of the Superior Court." [1] Appellant maintains that once the trial judge set aside his conviction, vacated the sentence, ordered a new trial, and issued an order for his immediate release that was executed, the trial court was without authority to proceed under D.C.Code § 23–110.[2] His point is well taken in view of the express language of the statute and the trial court's order unconditionally releasing him from custody.[3] While agreeing that § 23–110 is the local equivalent of 28 U.S.C. § 2255, appellant maintains that the trial court lacked authority to reconsider its final order, *see United States v. Jones*, 423 A.2d 193, 196 n. 4 (D.C.1983) (trial court criminal rules do not provide for reconsideration motion), and that the only relief that was available was by government appeal under D.C.Code § 23–110(f).[4]

---

1. D.C.Code § 23–110(a) provides:
   (a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

2. Appellant was sentenced on February 26, 1986, and filed a notice of appeal on March 6, 1986. This appeal was remanded so that appellant could pursue a motion under D.C.Code § 23–110. On December 16, 1986, he filed a motion for a new trial. Receiving no response from the government, the trial judge granted the motion on May 19, 1987. The trial judge also ordered that appellant be released, by order of

May 21, 1987, and certified the case for a new trial. This court dismissed the original appeal by order of June 3, 1987.

3. *See Streater v. United States*, 429 A.2d 173, 174 (D.C.1980), *cert. denied*, 451 U.S. 902, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981); *Butler v. United States*, 388 A.2d 883, 886 (D.C.1978); *Zaffarano v. Fitzpatrick*, 404 F.2d 474, 478 (2nd Cir.1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2130, 23 L.Ed.2d 766 (1969); *see also Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (28 U.S.C. § 2241—habeas corpus—unavailable where sentence had fully expired); *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir.1987).

4. D.C.Code § 23–110(f) provides that "An appeal may be taken to the District of Columbia Court of Appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."

The government offers several responses. It suggests that this court should affirm the January 19, 1988, order vacating the grant of a new trial because the subject matter before the judge, a motion under D.C.Code § 23–110, was analogous to a motion filed under 28 U.S.C. § 2255, and therefore, the trial judge could properly look to the federal statute in implementing § 23–110. Noting that Congress has enacted procedural rules to govern § 2255 motions, the government argues that the trial judge had authority to proceed as though a § 2255 Rule 12 existed for the District of Columbia courts.[5] In other words, the government maintains that "the trial court was not acting 'under' the jurisdictional predicate of § 23–110 when it vacated the order of May 19, [1987,] but rather it was acting under the general authority of [Super.Ct.Civ.] Rule 60, which permits the court to vacate any previous order resulting from a mistake, or for any other reason justifying relief."

The difficulty with this approach is that this court has not promulgated an analogous § 2255 Rule 12 for § 23–110. *See* D.C.Code § 11–946 (1989 Repl.). Although the local rules of criminal and civil procedure are the same as the federal rules except as otherwise approved by this court, D.C.Code § 11–946, the provisions of D.C.Code § 23–110 have yet to be supplemented with a Rule 12 provision. Consequently, there was no basis on which the trial judge could properly grant the government's motion to vacate as being in the nature of a motion filed under Super.Ct.Civ.R. 60(b).[6]

The majority also declines to adopt the government's federal-rules approach, but concludes that the trial judge had jurisdiction to reconsider her order granting a new trial based on the trial judge's "inherent power to correct its record so as to reflect the truth and insure that justice be served." Opinion at 334, quoting *Rich, supra*, 357 A.2d at 423. However, the instant case is not analogous to *Rich*. In *Rich*, the record showed that the trial judge intended to confine Rich, but issued an order that mistakenly referred to 18 U.S.C. § 5010(a) of the Federal Youth Corrections Act providing for probation. Upon discovering his mistake, the judge corrected his order to read "commitment under § 5010(b)." *Rich, supra*, 357 A.2d at 422–23. On appeal the court relied on the fact that "the record clearly reveals the intention of the sentencing judge to incarcerate [Rich]" because the trial judge had announced during the sentencing hearing that Rich would be sentenced under § 5010(a) "until such time 'as they determine you would be eligible for parole,'" *id.* at 423, and reiterated that "if they feel [Rich] does progress ... then they can make the determination as to when he should be released," *Id.* at 422. Thus, in view of the trial judge's statements of record indicating his intention to confine Rich, the reference to § 5010(a) in the record was clearly a clerical mistake in recording the trial judge's true intention at the time the order was written, and it was not an attempt by the trial judge to change his opinion in light of newly discovered facts or circumstances.[7] The cases relied on by the court

---

**5.** 28 U.S.C. § 2255 Rule 12 provides:

If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to the motions filed under these rules.

*See United States v. Frady*, 456 U.S. 152, 166–68 n. 15, 102 S.Ct. 1584, 1593–95 n. 15, 71 L.Ed.2d 816 (1982) (discussing the rule).

**6.** The trial judge excused the government's failure to file a response to appellant's motion under § 23–110 as "excusable neglect" noting that because appellant had not filed his motion until approximately eleven months later:

[t]his delay in filing led the Government to follow its usual practice of awaiting an order of the Court to respond to defendant's motion, pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2255 R. 3(b) [copy of motion to be served on United States, which shall answer only if directed by the court] and [R.] 4(b) [U.S. Attorney to be ordered to file answer if judge cannot summarily dispose of motion on its face, attached exhibits and prior proceedings].

**7.** In *Borum v. United States*, 133 U.S.App.D.C. 147, 155, 409 F.2d 433, 441 (1967), *cert. denied*, 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969), in the absence of an on-the-record indi-

in *Rich* also involve trial court correction of a record to accurately reflect either an established fact or the trial court's true intentions at the time the mistake was recorded.[8]

Unlike *Rich*, the trial judge's decision to vacate her order granting appellant a new trial was more than a mere attempt to correct a clerical mistake in the record. The failure to provide the government with statutory notice under D.C.Code § 23–110(c) was a procedural error as opposed to a mere clerical one. The written order granting appellant a new trial accurately recorded the trial judge's intention at the time it was issued. The record did not incorrectly reflect the fact that the government had failed to respond to appellant's motion because, regardless of the cause, the government, in fact, did not respond. Therefore, because there was no clerical mistake in the record for the trial judge to correct, the rationale of *Rich* is inapplicable.

Furthermore, it would be unwise, in my view, to extend the limited holding in *Rich* with regard to clerical errors to the trial court's correction of procedural errors. The court in *Rich* acknowledged only the trial court's "inherent power to correct its

record so as to reflect the truth and insure that justice be served." *Rich, supra*, 357 A.2d at 423. This rationale does not readily adapt to the proposition that a trial court has authority to reconsider the vacation of a judgment of conviction upon discovery of a procedural error. In contrast to the correction of an error as a result of a mistake in recording the judge's true intention at the time the judge acted, procedural corrections require the trial court to exercise its discretion anew before the record can be amended to reflect what it theoretically would have contained had the procedural error had not occurred.[9] In addition, were the broad language of *Rich* extended to the correction of procedural errors, the trial court would have authority to reconsider errors at any time, regardless of whether the time for appeal had expired. Such an extension of *Rich* would undermine the interest that the court, the government and the defendant have in the finality of decisions.[10]

Therefore, rather than extend *Rich*, I would follow the courts that recognize the authority of the trial court to reconsider the grant or denial of a new trial where a motion for reconsideration is filed within

---

cation by the trial judge at the time of imposing sentence of his intent to impose consecutive sentences, the U.S. Court of Appeals for the District of Columbia Circuit held that the judge was without authority to clarify the record subsequently to state that consecutive sentences were intended since doing so had the effect of increasing the sentence.

**8.** *Rich, supra,* 357 A.2d at 423, (citing *Fisher v. Small,* 166 A.2d 744, 746 (D.C.1960) (inherent authority to correct record to accurately reflect actual date a motion was filed); *Kennedy v. Reid,* 101 U.S.App.D.C. 400, 403–04, 249 F.2d 492, 495–96 (1957) (same, to correct error by clerk's office in transposing defendant's sentence from the transcript and docket to commitment papers); *Downey v. United States,* 67 U.S.App.D.C. 192, 199, 91 F.2d 223, 230 (1937) (same, to correct ambiguously recorded sentences to reflect judge's intent at time of sentencing).

**9.** The majority does not explain its reasoning in asserting that the trial court's mistake in *Rich* "was not strictly a clerical error." Opinion at 334 n. 6. Furthermore, regardless of what label is used to characterize the trial court's mistake

in *Rich*, the majority does not dispute the underlying distinction that the trial court's mistake in the instant case, unlike that in *Rich*, required the trial court to exercise its discretion anew upon the consideration of additional facts and circumstances.

**10.** For these reasons, the majority's expansion of *Rich* makes clear the need for rules in this area. Even under 28 U.S.C. § 2255 Rule 12 there are some time limitations. *See* 28 U.S.C. § 2255 Rule 12 advisory committee notes ("Since § 2255 has been considered analogous to habeas corpus as respects the restrictions in Fed.R.Civ.P. 81(a)(2) (*see Sullivan v. United States,* 198 F.Supp. 624 (S.D.N.Y.1961)), rule 12 is needed."); *see also Ayre v. State,* 291 Md. 155, 158–60, 433 A.2d 1150, 1153 (1981) ("[i]n Maryland all judgments are under the control of the [trial] court during the term in which they are entered, and during that time the court has inherent power to strike out or modify judgments in both civil and criminal cases") (quoting *Madison v. State,* 205 Md. 425, 431, 109 A.2d 96, 99 (1954)); *State v. Bundy,* 52 Md.App. 456, 459–61, 450 A.2d 495, 497 (1982) (referring to local 30–day rule giving trial court authority to revise a judgment after its entry).

the time period to note an appeal. This approach is consistent with the government's suggestion that the trial judge had jurisdiction by analogy to correction of an erroneous entry of a judgment of acquittal following a jury verdict, citing *United States v. Jenkins*, 420 U.S. 358, 365, 95 S.Ct. 1006, 1010–11, 43 L.Ed.2d 250 (1975) (citing *United States v. Wilson*, 420 U.S. 332, 344–45, 95 S.Ct. 1013, 1022–23, 43 L.Ed.2d 232 (1975)).[11]

Observing that cases on the jurisdictional issue are sparse, the Fifth Circuit Court of Appeals in *Spiegel, supra,* 604 F.2d at 971, held that the trial court had jurisdiction to reconsider its grant of a new trial where the government's motion for reconsideration had been timely filed, there was no vacation of conviction and the basis for the grant of the new trial had not been fully briefed at the time the order was entered.[12] Instructive also is the decision in *Cook, supra,* where the Fifth Circuit, in considering whether Cook could file a petition for rehearing by the trial court of its denial of a new trial, noted that while the Federal Rules of Criminal Procedure did not specifically provide for a petition for rehearing, "[t]he Supreme Court has repeatedly and

expressly sanctioned the use of motions for reconsideration in criminal proceedings," and that the underlying rationale for this " 'traditional and virtually unquestioned practice' " is one of judicial economy. 670 F.2d at 48 (quoting *United States v. Healy*, 376 U.S. 75, 79, 84 S.Ct. 553, 556, 11 L.Ed.2d 527 (1964)).[13] The Tenth Circuit Court of Appeals has followed the same reasoning with respect to the denial of a motion for a new trial. *Miller, supra,* 869 F.2d at 1420–21 (citing *Cook, supra,* 670 F.2d at 48); *see United States v. Arrington*, 757 F.2d 1484, 1486 (4th Cir.1985) (grant of new trial may be reconsidered before retrial and denied (citing *Spiegel, supra,* 604 F.2d at 970–72; 3 WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 551 (1982))).

A number of the state courts have likewise balanced the interests of judicial economy and finality in favor of some trial court authority to reconsider its orders. Thus, in *Weller, supra,* 679 P.2d at 1081, the Colorado Supreme Court observed that:

> it would make little sense to hold that if a judge responsible for the final judgment perceived that a motion for a new trial had been granted erroneously, he

---

**11.** Neither *Jenkins, supra,* nor *Wilson, supra,* provide a basis on which to conclude that the trial judge had jurisdiction under District of Columbia law. In those cases the government had appealed under 18 U.S.C. § 3731. *See Jenkins, supra,* 420 U.S. at 364, 95 S.Ct. at 1010 (appeal from post trial dismissal of indictment and release of defendant); *Wilson, supra,* 420 U.S. at 334, 95 S.Ct. at 1017 (appeal from grant of post-verdict motion dismissing indictment because of prejudicial preindictment delay). The government in the instant case did not appeal under D.C.Code § 23–110(f), which appellant maintains is the government's only remedy. In addressing double jeopardy, the Court stated in *Jenkins, supra,* that "a conclusion by an appellate court that the judgment of acquittal was improper does not require a criminal defendant to submit to a second trial; the error can be corrected on remand by entry of a judgment on the verdict." 420 U.S. at 365, 95 S.Ct. at 1010. In *Wilson, supra,* the Court held that double jeopardy did not bar a government appeal when errors of law may be corrected and the result will simply be reinstatement of a jury's verdict of guilty or a judge's finding of guilt and not a second trial. 420 U.S. at 353, 95 S.Ct. at 1026–27.

**12.** The Fifth Circuit had earlier held in *United States v. Spinella*, 506 F.2d 426, 430 (5th Cir. 1975), that once a second trial had begun, the trial court had no power to vacate its order granting a new trial and to reinstate the conviction obtained in the first trial. In *Spiegel, supra,* 604 F.2d at 971, the government had urged the court "to accept *Spinella's* broad obverse, that the district court can alter new trial orders and revive convictions until jeopardy attaches in the second trial," but the court found that it "need not go as far as the government urges."

**13.** The Supreme Court explained in *Healy, supra,* that allowing the trial court to reconsider its decision could ultimately save time at the appellate level:

> [T]o deprive the Government of the opportunity to petition a lower court for the correction of errors might, in some circumstances, actually prolong the process of litigation— since plenary consideration of a question of law here ordinarily consumes more time than disposition of a petition for rehearing—and could, in some cases, impose an added and unnecessary burden of adjudication upon this Court.

376 U.S. at 80, 84 S.Ct. at 556 (footnote omitted).

nonetheless could not reconsider his order before final judgment is entered or a notice of appeal filed. It also would make little sense for us to require the expense and burdens of a new trial if the judge who originally ordered the trial believes that he erred in granting the new trial motion.

Other state courts agree. *See id.* at 1080–81 (cases cited). In still others, greater emphasis is placed on the interest in finality, with some courts drawing a distinction based on whether or not the trial court order was a decision on the merits, where both sides had an opportunity to present their positions.[14] Even those courts that view an order granting a new trial as an interlocutory order generally construe the trial court to have jurisdiction only before a final judgment is entered.[15]

Such trial court authority to reconsider is not without limitation. Thus, "[i]t is well established that in criminal proceedings, petitions for rehearing are timely filed if made within the period allotted for the noticing of an appeal." *Cook, supra,* 670 F.2d at 48 (citing *Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (citing *Healy, supra,* 376 U.S. at 78, 84 S.Ct. at 555)); *see Weller, supra,* 679 P.2d at 1081 (trial court may reconsider

grant of new trial before entry of final judgment and filing of notice of appeal). This limit follows logically from the rationale of judicial economy underlying the trial court's authority to reconsider its orders: if the time for appeal has expired, it cannot reasonably be argued that the trial court's reconsideration would save the resources of the appellate court because an appeal can, in fact, no longer be taken. Thus, in the wake of abolishment of terms of court, the trial court is without jurisdiction to grant relief in criminal cases that have become final, because the time for appeal has expired, in the absence of a statute or a rule of the court. *See United States v. Breit,* 754 F.2d 526, 530 (4th Cir.1985), and cases cited therein.

In addition, there is the limitation that arises under double jeopardy when the trial court has set aside a judgment of conviction. *See, e.g., Spinella, supra* note 12, 506 F.2d at 430 (after granting new trial, trial court "had no power to revive a judgment of conviction that became a nullity when the defendants were placed in jeopardy in the second trial"), and note 12, *supra.* Thus, in *Stewart v. United States,* 439 A.2d 461, 464 (D.C.1981) (per curiam), this court observed that until trial terminates upon entry of judgment, the trial court is

---

**14.** See *Weller, supra,* 679 P.2d at 1080 (citing *Burton v. State,* 296 So.2d 79, 80 (Fla.Dist.Ct. App.1974) (where timely motion for new trial considered on merits, and motion granted or denied thereafter, trial court is without authority to consider petition for rehearing absent fraud or clerical error; interest in finality in view of fact that the government should be prepared to meet allegations of motion for new trial at hearing on the motion), *vacated on other grounds,* 314 So.2d 136 (Fla.1975)); *People v. Lindsey,* 275 Cal.App.2d 340, 342–44, 79 Cal. Rptr. 880, 882–83 (1969) (long held that trial court has no jurisdiction to vacate its grant of a new trial); *see also State v. Morris,* 359 So.2d 478 (Fla.Dist.Ct.App.1978) (trial court had no jurisdiction to reconsider denial of new trial upon discovery of new appellate decision; "[j]udicial error or 'mistake' is a matter for appeal.... The trial court's jurisdiction must and does terminate with denial of a motion for a new trial" in absence of fraud or clerical error) (citing *State v. Burton, supra,* 314 So.2d at 136)); *State Farm Mutual Ins. Co. v. Senn,* 277 Ala. 508, 510–11, 172 So.2d 533, 535 (1965) (trial court had no "discretionary power to set aside an

order ..., in which [it] overruled a motion for a new trial" (citation and internal quotation omitted)); *Ayre v. State, supra* note 10, 291 Md. at 158–60, 433 A.2d at 1153 (trial court has authority to strike its judgment anytime during term of court in which order rendered); *Christian v. State,* 309 Md. 114, 120, 522 A.2d 945, 948 n. 3 (1987) ("We expressly leave open the question of whether a new trial order entered after final judgment may be reconsidered, and if so, within what time it may be reconsidered." (emphasis in original)). *See% note 15, infra.*

**15.** See *Weller, supra,* 679 P.2d at 1080 (citing *Spiegel, supra,* 604 F.2d at 971 (where reconsideration timely and judgment not vacated, trial court had jurisdiction to grant motion vacating new trial granted after hearing on merits)); *see also People v. Poole,* 7 Mich.App. 237, 240–42, 151 N.W.2d 365, 368 (1967) (trial court may "set aside and vacate an order for a new trial improvidently granted" on misapprehension of facts) (citing *People v. Beath,* 277 Mich. 473, 479, 269 N.W. 238, 240 (1936)); *People v. Phino,* 80 A.D.2d 804, 437 N.Y.S.2d 104 (1981) (same).

free to reconsider its rulings, and held that because no final judgment of acquittal had been entered on any court documents, and the defendant had not been discharged and subsequently brought back to stand trial, the trial judge had jurisdiction immediately to reconsider its grant of a motion for judgment of acquittal at the close of the government's case. 439 A.2d at 464. In *Lindsay, supra,* moreover, the court held, in response to a double jeopardy challenge, that a procedural mistake may be corrected after vacation of the judgment of conviction.[16] 520 A.2d at 1063. In that case, the trial court's order of early discharge of the defendant from probation, with the consequent setting aside of underlying conviction under 18 U.S.C. § 5021(b), was erroneous in law and in fact.[17] *Id.* This court found no double jeopardy bar to the reinstated probation as a result of vacations of an order of early discharge from probation and an order setting aside a judgment of conviction that were themselves tantamount to an illegal sentence. 520 A.2d at 1063 ("analogous to an illegal sentence").[18] Citing *Jenkins, supra,* 420 U.S. at 365, 95 S.Ct. at 1010–11, the court concluded "[l]ikewise here, the vacation of the erroneous order simply reinstates the original

probationary status; no new prosecution or new punishment is involved." [19] *Id.; see Fine v. Commonwealth,* 312 Mass. 252, 259–61, 44 N.E.2d 659, 664 (1942) (trial court of general jurisdiction has "power to rehear and redecide a motion for new trial that has been either denied or granted" "to the end that justice may be served;" no double jeopardy violation).

In the instant case, the trial judge granted appellant's motion for a new trial "as conceded pursuant to D.C.R–Criminal R. 47I(c)," on May 19, 1987, because the government had failed to respond. The judge, in other words, did not address the merits of appellant's motion for a new trial. *See* notes 14 & 15, *supra.* Furthermore, although the trial judge had vacated the judgment of conviction and thereby nullified the jury's verdict a nullity, the trial judge's order granting a new trial was clearly erroneous in law to the extent that the judge had failed to order the government to file a response to the motion. *See* D.C.Code § 23–110(c). Moreover, although the trial judge had ordered appellant's release, and appellant, in fact, had been released from custody, he was not recalled into custody after the judge vacated her order granting a new trial.[20] Finally, the

16. There was no challenge in *Lindsay, supra,* to the trial court's jurisdiction to vacate the order setting aside the conviction and the order of early discharge from probation. 520 A.2d at 1063.

17. In distinguishing *Borum, supra* note 7, 133 U.S.App.D.C. at 155, 409 F.2d at 441, the court noted that there was "ample evidence of irregularity in the issuance of the June 28 order [of early discharge from probation]." *Lindsay, supra,* 520 A.2d at 1063 n. 6.

18. The court also rejected the claim that "the automatic 'setaside' of the conviction under 18 U.S.C. § 5021(b) is the functional equivalent of *the entry of a judgment of acquittal, to whose* retraction even if erroneously entered the double jeopardy clause generally acts as a bar." *Lindsay, supra,* 520 A.2d at 1063 (set aside "does not totally 'rewrite history,' or alter fact of conviction, but only shields it from public view, and thus "is distinctly different from, the final and unqualified act of an acquittal. *Cf. Stewart v. United States, supra,* 439 A.2d [at] 464"); *see id.* at 1064 ("On the facts here, ... the set aside can have no more protected status than the erroneous order of early discharge upon which

it depends." (citing *Bossa v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947)).

19. In *Wilson, supra,* 420 U.S. at 345, 95 S.Ct. at 1023 the Court stated, in addressing the government's right to appeal:

It is difficult to see why the rule [that Double Jeopardy is not offended where an appellate court's order reversing a conviction is subject to further review] should be any different simply because the defendant has gotten a favorable post-verdict ruling of law from the [trial] [j]udge rather than from the Court of Appeals.... Although review of any ruling of law discharging a defendant obviously enhances the likelihood of conviction and subjects him to continuing expense and anxiety, a defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second trial before a second trier of fact.

20. The trial judge stated at the time of the hearing on appellant's § 23–110 motion to vacate, following the vacation of her order granting a new trial, that she had not yet reinstated appellant's sentence.

government filed its motion for reconsideration on May 21, 1987, two days after the judge had vacated the judgment of conviction and granted a new trial, and within the 30–day period for noting an appeal in a criminal case. D.C.App.R. 4(b)(1). Under these circumstances, I conclude that the trial judge had jurisdiction to consider the government's motion for reconsideration of her order granting appellant a new trial.[21] *Cf. Bozza, supra* note 18, 330 U.S. at 167, 67 S.Ct. at 649 (court "only set aside what it had no authority to do" in sentencing defendant (citation and internal quotation omitted)).

Accordingly, because I join the majority in concluding that the second issue is resolved by *Lindsay, supra,* 520 A.2d at 1063, I concur in affirming the order of January 19, 1988.

---

**21.** Although the trial judge took nine months to rule on the government's motion for reconsideration, the delay does not present a bar to her jurisdiction to act because jurisdiction vested when the government timely filed its motion.